## FREDERICK SCHMIDT *et al.*

### *v.*

## THE PEORIA MARINE AND FIRE INSURANCE COMPANY.

1. INSURANCE — *whether words constitute a warranty as to future use of the property, or a mere affirmation of its present condition.* A policy of insurance issued upon a tannery contained these words : " No fire in or about said building, except one under kettle, securely imbedded in masonry (used for heating water), and made perfectly secure against accidents." These words do not constitute a warranty on the part of the assured that there shall be no fire in the building during the continuance of the policy except the one under the kettle, but merely affirm what the condition of the property was at the time the policy issued.

2. So the use of other fires in the building during the term of insurance, will not, under such a clause, avoid the policy.

3. SAME — *effect of an express provision against an increase of risk subsequent to the issuing of the policy.* Where it is provided in a policy of insurance, that, "if, after insurance is effected, the risk be increased by any means, or occupied in any way so as to render the risk more hazardous than at the time of insuring, such insurance shall be void and of none effect," these words are construed to mean that the policy shall become inoperative only while the increased risk shall be in existence, and, when it terminates, the liability of the company will recommence.

4. SAME — EVIDENCE — *what is the real question in case of loss, under such a clause.* Where a loss has occurred, and the insurer invokes such a clause for his protection, alleging an increase of risk, as in the use of more fires in

the building, it is not competent to prove that the risk is increased by the increase of the number of fires in a building; but the real question is, was the risk to the particular building, at the time it was burned, greater in consequence of the presence therein of stoves, in which fires had been used at a time more or less remote from the time of the loss, and which were not in the building at the time the policy was issued, placed as the stoves were and used in the manner shown by the proof?

5. Testimony of experts — *insurance agents.* Insurance agents cannot be called as experts to prove what, in their opinion, would or would not be an increase of risk in a building, merely because they are insurance agents, unless it appears that in the course of their business they have acquired special knowledge upon that subject.

6. Parol evidence — *to change the terms of a policy.* A policy of insurance must be taken as embodying the contract of the parties, and its terms cannot be changed by parol proof.

Appeal from the Circuit Court of Cook county; the Hon. Erastus S. Williams, Judge, presiding.

This was an action of covenant brought in the court below, by Frederick Schmidt and August Binzo, against the Peoria Marine and Fire Insurance company, upon a policy of insurance.

A portion of the policy is as follows:

" *The Peoria Marine and Fire Insurance Company, Peoria, Illinois:*

" By this policy of insurance the Peoria Marine and Fire Insurance company, in consideration of forty dollars to them paid by the assured hereinafter named, the receipt whereof is hereby acknowleged, do insure Messrs. Schmidt & Company against loss or damage by fire to the amount of four thousand dollars.

" $2,500 on their stock of hides and leather, and $500 on their tools contained in their one and a half story frame building, occupied as a tannery, situate on the west bank of the Chicago river, 200 feet north of Clybourne bridge, Chicago. $250 on their bark mill, and $250 on their frame building containing the same, situate on the north side of, and attached to said tannery. $500 on the stock of bark piled in and near the

building containing bark mill.   No fire in or about the above buildings, except one under kettle securely imbedded in masonry (used for heating water) and made perfectly secure against accidents.   The above buildings are situate over 200 feet from any other building."

One of the questions presented is, in regard to the proper construction of the words describing what fire was used in the buildings.

The facts upon which other questions arise, will be found in the opinion of the court.

A trial resulted in a verdict and judgment for the defendant.   The plaintiffs bring the case to this court by appeal.

Messrs. ROSENTHALL & HOPKINS and Mr. M. F. TULEY, for the appellants.

Messrs. SCAMMON, McCAGG & FULLER, for the appellee.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

This was an action brought by the appellants against the appellee, upon a policy of insurance issued upon a tannery in the city of Chicago.   The policy contained these words: "No fire in or about said building, except one under kettle securely imbedded in masonry (used for heating water), and made perfectly secure against accidents."   The policy was issued on the 16th September, 1864.   It was proved that the building was destroyed by fire in March, 1865, and that at the time of the fire there were two stoves in the building, one up stairs and the other on the first floor.   It was also proved that there had been no fire in the stove on the first floor for eight days previous to the destruction of the building.   In the stove up stairs a fire had been kindled at six o'clock in the morning and extinguished at eight or half-past eight o'clock in the morning, and was not again rekindled.   The fire occurred about 11 o'clock the following night.

It is contended by the appellee that the words in the policy above quoted are to be taken as a warranty, on the part of the

assured, that there shall be no fire during the continuance of the policy, except the one under the kettle, and that a breach of the so-called warranty avoids the policy. In behalf of the appellants, it is insisted that these words are, what is called by some writers upon insurance, an affirmative as distinct from a promissory warranty, and are to be construed as referring to the condition of the property at the time the policy was issued. It is a question upon which the authorities differ; but, in view of the fact, that insurance companies dictate the language of their own policies, which is therefore to be construed most strongly against themselves, and can, if they wish, insert a stipulation which in terms refers to the future use of the property, and do, by an express provision in this, as in, we presume, all policies, relieve themselves from all liability in case the risk is actually increased, we are inclined to adopt the ruling of those cases which hold that these words are to be construed in reference to the then condition of the property. *Smith* v. *Mech. Fire Ins. Co.*, 32 N. Y. 399; *O'Neil* v. *The Buffalo Ins. Co.*, 3 Comst. 122; *Catlin* v. *The Springfield Ins. Co.*, 1 Sumn. 435; *Blood* v. *Howard Fire Ins. Co.*, 12 Cush. 474; *Rafferty* v. *New Brunswick Ins. Co.*, 3 Harrison, 480. With this construction of that clause no violation of it is shown.

There is, however, another clause in the policy, which the company invokes for its protection, as follows:

" If, after insurance is effected, either by the original policy or by the renewal thereof, the risk be increased by any means, or occupied in any way so as to render the risk more hazardous than at the time of insuring, such insurance shall be void and of none effect."

This is a very material provision in the policy, and should not have been omitted from the abstract furnished by counsel for appellant. This language admits of no controversy as to its meaning, and the only question under it is, was there such increased risk in consequence of these stoves at the time of the fire? This court held, in *New Eng. Fire & Mar. Ins. Co.* v. *Wetmore*, 32 Ill. 245, that the true construction of a clause like

this was, that the policy became inoperative only while the increased risk was in existence, and when it terminated the liability of the company would recommence.    The instruction asked by the defendant on this point, and given by the court, was in harmony with this ruling, but on the trial the defendant was permitted, against the objections of the plaintiffs, to call insurance agents as *experts*, and ask them the following question: " Q. From your experience and knowledge of your business as an insurance agent, and of insurance, do you think that the increase of the number of fires in a building does or does not increase the risk of fire to that building ? "    Neither this question, nor any of the evidence given under it, touched the true point in the case.

The point for the consideration of the jury was, not whether an increase of the number of fires in a building does or does not ordinarily increase the risk, but whether, in the case then before the court, the risk to the building at the time it was destroyed, at 11 o'clock at night, was or was not increased by the two stoves, in one of which there had been no fire for eight days, and in the other none after eight and a half o'clock of the preceding morning.    Was the risk to this particular building, at the time it was burned, greater in consequence of the presence of these stoves, placed as they were, and used in the · manner shown by the witnesses ?    This was a question of fact to be passed upon by the jury, not in reference to the opinions of insurance agents as to the general effect of an increase of fires, but in reference to the facts of this particular case.    We are at a loss to perceive on what ground insurance agents could be called as experts on a matter of this kind, merely because they were insurance agents, unless it appeared, that, in the course of their business, they had acquired special knowledge upon this subject.    But, if their opinions were admissible at all, the real point of the controversy was not inquired into, and the questions, as asked and answered, tended to mislead the jury.

There is also another error in this record.    The appellee was permitted to prove, against the objections of the plaintiffs, that

the agent who effected the insurance for the plaintiffs verbally promised in their behalf, at the time of taking out the policy, that there should be no other fire in the building than that specified in the policy. This was obviously improper. The only instrument executed by either party in this case was the policy. That embodied their contract. It bound the assured not to do certain things, but contained no express stipulation that an additional fire should not be used. It is now sought to incorporate a verbal agreement to this effect into the contract. This cannot be done. The rights of the parties must be settled by the policy. *Higginson* v. *Doll*, 13 Mass. 96; *Alston* v. *Merchants' Ins. Co.*, 4 Hill, 329. This evidence was improper, and the instruction given for the defendant, as far as it related to this evidence, was also improper. The judgment must be reversed, and the cause remanded.

*Judgment reversed.*