## WATROUS v. THE MISSISSIPPI VALLEY INS. CO.

**Insurance:** NON-PAYMENT OF PREMIUM. A stipulation in a policy of insurance to the effect that no insurance shall be considered as binding until the actual payment of the premium, in cash or by note, and that the company shall not be liable for any loss or damage occurring when such note or any part thereof is past due and unpaid, is valid and binding, and the assured cannot recover for a loss thus occurring.

*Appeal from Winnesheik District Court.*

WEDNESDAY, JANUARY 23.

ACTION upon a policy of insurance. The petition averred the issuance of the policy, the loss, proof and notice of it, and the failure of defendant to pay. The answer admits the making of the policy; and avers that the plaintiff never paid any premium, but gave his note for it, which is and was at the time of the alleged loss, long past due and unpaid, and by the terms of the policy as set out by plaintiff, the defendant is not liable for the loss.

Upon a trial to a jury the plaintiff introduced in evidence the policy which stated that defendant "in consid-

eration of sixty dollars, cash premium, do insure," etc., and one clause of which is as follows: "No insurance, whether original or continued, shall be considered as binding until the actual payment of the premium, either in cash or by note, and where a note is received, this company shall not be liable for any loss or damage under this policy, occurring at a time when such note or any part thereof given for such premium in whole or in part shall be past due and unpaid." The plaintiff testified as a witness that the property insured was destroyed by fire without his fault; that proof of loss to the amount of $586.50 was duly made; that defendant refused to pay; that he gave his note for the premium, $60 and policy fee $2.50; that the note became due December 1, 1870, and was still wholly unpaid; that he was written to and requested to pay it before the loss, which occurred April 8, 1871. The note was then read by the witness to the jury, and is in the usual form, concluding "with interest at ten per cent after due." The plaintiff further testified that when he made application for the policy he took from the agent the following receipt: "Received of Gilbert Watrous an application for insurance by the Mississippi Valley Ins. Co. of Decorah, Iowa, on property to the amount of $3,000 for the term of five years for $ , and a note for cash premium, etc., due on the 1st day of December, 1870, for $62.50, all of which are to be returned if a policy be not issued.. Policy to be sent by mail. Dated Orleans, this 1st day of December, 1869," duly signed by the agent. This was all the evidence, and thereon, under the instructions of the court, the jury found for plaintiff the amount of his claim. A new trial being refused, the defendant appeals.

*E. E. Cooley* for the appellant.

*L. Bullis* for the appellee.

COLE, J.— One of the conditions of the policy is, that the defendant. shall not be liable for any loss occurring when the note given for the premium is due and unpaid. This is a valid and binding contract. *Keenan* v. *The Missouri State Mutual Ins. Co.*, 12 Iowa, 126 (*i. e.*, 134); *Williams* v. *The Albany Ins Co.*, 10 Mich. 451; S. C., 2 Am. Rep. 95. This loss occurred when the premium note was due and unpaid. The plaintiff seeks to avoid the force and effect of this condition by efforts to show that the note in this case was taken *in payment* for "cash premium," and that further credit was stipulated for by the concluding words of the note, "with interest at ten per cent after due." The effect of these words thus added to the note, is a matter of law for the court, and not of fact for the jury, and they do not have the effect of waiving payment at maturity, or of extending further credit. If it be conceded that the tone was taken in payment for the cash premium, this does not advance plaintiff's claim in the least. The condition of the policy is, " that it is not binding until the *actual payment* of the premium either in cash or *by note*, and when a note is received," the company is not liable for a loss occurring after the note is due and while it remains unpaid. If the note, then, was given in actual payment, the plaintiff still cannot, by the very terms of the condition, recover for his loss which happened after it was due and remained unpaid. The instructions given were contrary to these views. The judgment is therefore

Reversed.