Nedrow v. The Farmers' Ins. Co. of Cedar Rapids.

1. **Insurance:** POLICY: WAIVER. The return of a policy of insurance by the company to the assured, who has surrendered it with the notification that the premises are used for other purposes than those specified therein, has the effect to waive the violation of the conditions of the policy.

2. ———: ———: NON-PAYMENT OF PREMIUM. Where the policy provides that the company shall not be liable for a loss occurring when any portion of the premium note remains past due and unpaid, the waiver of forfeiture caused by the use of the premises does not have the effect to waive the evidence in respect to non-payment.

*Appeal from Louisa Circuit Court*

THURSDAY, APRIL 6.

ACTION on a policy of insurance. The policy, annexed as an exhibit to the petition, contained the following provision: "When a promissory note is given by the assured for the cash premium it shall be considered a payment, provided such note is paid at or before maturity. But it is expressly understood and agreed by and between the parties hereto that, should any loss or damage occur to the property hereby insured, and the note given for the cash premium or any portion thereof remain unpaid and past due at the time of such loss or damage, then this policy shall be void." The petition avers, among other things, that in consideration of the receipt of the policy of insurance the plaintiff made and delivered to the company her note for twenty-two dollars, payable April 1st, 1873; that on the 4th of August, 1874, the building was destroyed by fire; that although her note was not paid when it became due, nor when the building was destroyed, yet she did on the 11th of June, 1873, pay thereon the sum of ten dollars; that at the time of such payment she delivered the policy to the company in order that it might be canceled, notifying the company that a restaurant and bakery was then in operation on the premises, but that defendant, electing to continue said contract in force, retained plaintiff's note and returned to

plaintiff said policy uncanceled; that on the 14th day of August, 1874, the plaintiff tendered to the company the balance due on said note. To the petition the defendant demurred, upon the ground that it appeared that the plaintiff's note was given for the premium, and that the note was past due and unpaid at the time of the loss, while by the terms of the policy the defendant was not liable for said loss occurring while some part of said note remained due and unpaid. The demurrer was sustained. Judgment for defendant. Plaintiff appeals.

*Hurley & Hale*, for appellant.

*Frank C. Hornel*, for appellee.

ADAMS, J.—The petition states substantially that at the time the company received the payment of ten dollars and returned the policy to the plaintiff, it elected to continue the policy in force. The demurrer admits the allegation, but then the allegation must be taken with such qualifications as the other parts of the petition impose upon it. The policy was in force to this extent, that it was the plaintiff's right to pay the balance due on her note at any time, and by such payment merely, and without any further contract, the policy would become operative. The effect of returning the policy, after notification that the premises were used for a restaurant and bakery, was to waive any forfeiture which had taken place by reason of such use, but it did not operate as an indefinite extension of the time of payment of the note. The safety of policy holders, as well as insurers, depends upon prompt payment by the policy holders, and it being provided in the policy in suit that if any part of the note remains past due and unpaid at the time of the loss the policy shall be void, the plaintiff cannot recover. *Watrous v. The Mississippi Valley Ins. Co.*, 35 Iowa, 582; *Williams v. The City of Albany Ins. Co.*, 19 Mich., 451; *Schmidt v. Insurance Co.*, 41 Ill., 295.

AFFIRMED.