## GARLICK v. THE MISSISSIPPI VALLEY INS. CO.

1. **Insurance**: SUSPENSION OF POLICY: WHEN PREMIUM NOTE IS UN-PAID. A policy of insurance which is conditioned that the company will not be liable for any loss occurring when the premium note is wholly or in part past due and unpaid, is, under such circumstances, suspended, in the absence of a waiver of the condition of the policy by the company.

2. ———: ———: WAIVER. A waiver will not be inferred from an acceptance by the company of a part of the amount of the premium note after maturity, nor from an offer of an extension of time of payment not accepted by the insured, nor from a statement by the secretary of the company that the company was liable under the law of the State, notwithstanding default in payment.

*Appeal from Marshall Circuit Court.*

MONDAY, OCTOBER 23.

ACTION on policy of insurance. Article 14 of the policy is in the following words: "No insurance, whether original or continued, shall be considered as binding until actual payment of the premium, either in cash or by note, and where a note is received this company shall not be liable for any loss or damage under this policy, occurring at the time when such note or any part thereof, given for such premium in whole or in part, shall be past due or unpaid."

A premium note was given, and at the time of the loss was past due and not wholly paid.

By article 13 of the policy it was provided that the company may terminate the insurance. whenever it shall elect to do so, and give notice to the insured, and refund a ratable portion of the premium. The defendant never elected to terminate the insurance.

After the premium note became due, the defendant received part payment of the same, and urged payment of the remainder, and advised plaintiff to keep the policy. The defendant offered to give the plaintiff a reasonable extension of the note if plaintiff would let the defendant know what time he wanted.

In a letter to plaintiff, purporting to be written by the secretary of the company, and urging payment (which letter is now lost), were, according to the testimony of the plaintiff, these words: "Should you burn, the laws of the State would compel us to pay, and we shall expect you to pay."

Trial without a jury. Judgment for plaintiff. Defendant appeals.

*E. E. Cooley*, for appellant.

*Caswell & Meeker*, for appellee.

ADAMS, J.— I.   Article 13 of the policy gave the defendant a right to terminate the policy at any time, without cause, by

1. INSURANCE: suspension of policy: when premium note is unpaid.

simply giving the plaintiff notice of its election to do so, and by refunding a ratable portion of the premium. This the company never did, and ·the policy was not terminated. It is claimed, therefore, by the plaintiff, that such being the fact he has a right to recover. But the question in this case is not as to whether the policy was terminated at the time of the loss, but whether it was suspended. The premium note being past due and partly unpaid at the time of the loss, we must hold that the policy was suspended under the provisions of article 14, unless the provisions creating such suspension were waived by the defendant. *Watrous v. The Mississippi Valley Ins. Co.*, 35 Iowa, 582; *Nedrow v. Farmers' Ins. Co.*, 43 Iowa, 24; *Williams v. City of Albany Insurance Co.*, 19 Mich., 451; *Schmidt v. Insurance Co.*, 41 Ill., 295.

II.   We come now to consider the several alleged matters of waiver.

After the maturity of the premium note, the plaintiff paid the defendant a part thereof. It is contended by the plaintiff

2. ——: ——: waiver.

that the receipt of such payment by the defendant must have had the effect to restore the policy to operation, because otherwise the defendant would receive plaintiff's money without rendering any return or consideration therefor. To this it may be replied that part payment of the note should have no greater effect than part payment of

an original cash premium, where, by contract, full payment is made necessary to put the policy in operation.

Besides, the premium note was in force, and wholly collectible. The defendant's contract not having been terminated, the plaintiff's contract was not terminated. The latter was necessary to support the former. Nor was the defendant's right to collect the note suspended. It was an absolute promise to pay on a certain day. Defendant's right to collect the note included the right to collect it by installments, if plaintiff preferred to pay it in that way. But part payment could not have the same effect as full payment while the plaintiff was still in default.

But it is said that the defendant offered to extend the time of payment. The offer relied upon is contained in a letter to the plaintiff from the secretary of the company, and is in these words: "Let me know what time you want—will do anything reasonable." It is plain to see that the offer of extension was conditioned upon some specific time being agreed upon. No specific time was agreed upon, and there was, therefore, no extension, and the fact that the loss occurred when the note was past due remains unaffected.

It is urged finally, by plaintiff, that he had a right to rely upon the statement of the company's secretary contained in the lost letter, to the effect that if the plaintiff should burn the company would be compelled by law to pay. It is claimed in substance that, while the policy stood suspended just previous to the making of such statement, the effect of the statement was to constitute a waiver of the provisions of the policy creating a suspension, and to put the policy immediately in force again; in other words, although the statement of the company's secretary as to what the law is was not true, the plaintiff had a right to assume it to be true, and to withhold payment accordingly. To this two answers may be made. First, it is no part of the business of a secretary of an insurance company to declare the law; and second, as every person is presumed to know the law, no statement about it can operate as a waiver or estoppel. The foregoing is all the evidence

relied on as showing waiver or estoppel, and we must hold that it had no such tendency.

We think the Circuit Court erred in rendering judgment for the plaintiff.

REVERSED.