# Home Protection of North Alabama v. Avery.

### *Action on Policy of Insurance against Fire.*

1. *Forfeiture of policy by non-payment of premium; waiver.*--If a policy contains a stipulation that it shall be void on non-payment of premiums, and there is nothing else in the transaction, such forfeiture will be enforced; but, if the insurance company, by its habits and course of business, induces in the mind of the policy-holder a belief that payment may be delayed until demanded, and no demand is made, this amounts to a waiver of the forfeiture.

APPEAL from the Circuit Court of Tallapoosa.

Tried before the Hon. JAMES W. LAPSLEY.

Action on policy of insurance against fire, commenced October 1st, 1886; plea of general issue, and special plea of forfeiture; verdict and judgment for plaintiff, under charges of court, which are now assigned as error, with rulings in admission of evidence. The opinion states the material facts, and makes it unnecessary to set out the numerous rulings to which exceptions were reserved.

H. A. GARRETT, with whom was JAS. E. COBB, for appellant.—The stipulation in the policy that it should become void on non-payment of the premium notes, is valid; punctual payment at maturity is of the essence of the contract, and is in the nature of a condition precedent, which must be strictly performed; and the defendant was not bound to give notice of the maturity of the notes.—*Snyder v. Farmer's Insurance Co.*, 13 Wend. 94; *Fowler v. Aetna Insurance Co.*, 6 Cowen, 673; *Norton v. R. & S. Insurance Co.*, 7 Cowen, 645; *Howell v. Knick. Insurance Co.*, 44 N. Y.

276; *Nightingale v. Mutual L. Ins. Co.*, 5 R. I. 38; *Inman v. Fire Ins. Co.*, 12 Wend. 452; *Hammond v. M. L. Insurance Co.*, 10 Gray, 306; *Boulton v. Insurance Co.*, 25 Conn. 542; *Baker v. Union Mutual Insurance Co.*, 43 N. Y. 283; 63 N. Y. 160; 80 N. Y. 32; *N. Y. Life Ins. Co. v. Stratham*, 93 U. S. 24; 4 Vroom, N. J., 487; *Simpson v. Acc. D. Insurance Co.*, 2 C. B. (N. S.) 287; 100 Mass. 500; *Anderson v. St. Louis M. L. Insurance Co.*, 1 Big. 527; 2 Denio, 75; 7 Wend. 220; 3 Hill, N. Y. 161; 13 Ohio, 79, 83; 5 Denio, 326. As to conditions precedent, and the performance thereof, see, also, Co. Litt, 206, 218; 1 Atk. 374; 2 Bla. Com. 154; 4 Kent's Com. 125; 2 Dall. 306, 317; 12 East, 183.

JNO. M. CHILTON, *contra*, cited May on Insurance, §§ 356, 360, 361; 60 Ind. 515; 41 Mich. 385; 19 Mich. 451.

STONE, C. J.—It is shown in the record before us that the appellee, a married woman, took out three policies in the appellant corporation, a fire-insurance company. Two of them were against losses by fire or lightning, and the third one against losses by storms. Only one of the policies is before us, and it is the foundation of the present action. It bears date November 27, 1883, was to run five years from date, and was based on a gross premium of forty-four dollars, one fifth of which—$8.80-100 dollars—was paid in advance, and the remaining four-fifths were to be paid in installments of the same amount, on the 15th day of March, severally, in the years 1885-6-7-8. This policy insures two separate barns, with their contents of hay and grain, each separately valued. The number of this policy is 50,835. The barns and their contents were destroyed by fire, December 4, 1885. The defense was rested alone on the fact, not disputed, that the assured had failed to pay the installment of premium—$8.80-100—due March 15th, 1885.

One clause of the policy of insurance is in this language: "This company shall not be liable for any loss or damage under this policy, if default shall have been made in the payment of any installment of premium due by the terms of the installment note. On payment by the assured of all installments of premiums due under this policy, and the installment note given thereon, the liability of this company on this policy shall again attach, provided written consent of the secretary of this company be first obtained; and the

policy [shall] be in force from and after such payment, unless this policy shall be void and inoperative from some other cause. But this company shall not be liable for any loss happening during the continuance of such default of payment. . . . . . . It is further provided that no attempt by law or otherwise to collect any note given for the cash premium, or any installment of premium due upon any installment note, shall be deemed a waiver of any of the conditions of this policy, or shall be deemed in any manner to revive the policy; but upon payment by the assured or his assignee of the full amount due upon such note, and costs, if any there be, this policy shall thereupon be in full force, unless the same be inoperative or void from some other cause than the non-payment of note."

The application for the policy, and which is made a part of the contract of insurance, contains a stipulation similar to that above.

It is contended for appellee, that the insurance company waived all ground of forfeiture in this case, and several grounds are urged in support of this contention: *First*, it is claimed that it was the custom of the insurance company to notify its customers when their premium notes fell due, and that it failed to do so in this case; *second*, that the company never gave notice of any claim that the policy was forfeited, until after the destruction of the property by fire; *third*, that after the company had notice of the loss, it informed the assured, by letter from its secretary, that its adjuster would be around soon, and adjust the amount of the damage.

Testimony was offered, tending to show it was the custom of the appellant insurance company to give notice to its customers when their installments of premium would mature. There was testimony that such had been the practice of this company in prior dealings with the appellee, and with other persons who held its policies. And there was testimony, not denied, that the Home Protection Company had given notice of the time when premiums would mature on the other two policies held by the appellee, and that such maturing premiums had been promptly paid. It was testified, that no such notice had been given as to this policy; and if notified, the assured was able, and would have paid it. This testimony was not controverted, and no explanation was offered why notice was given in the one case and not in the other. Almost the only questions presented

for revision in this case grow out of the admission of the foregoing testimony against appellant's objection, and charges of the court based upon it, to which exceptions were also reserved. There were many charges. The substance of them was, that "If, by the statements of its authorized agent after the making of the policy, and by its course of business with plaintiff, and others, her neighbors, she was induced to believe that defendant would notify her of the time of payment, and would not insist on a forfeiture in case of an unintentional failure to pay the premium note, and she did unintentionally fail to pay the note, then the defendant can not in good conscience be allowed to set up the non-payment as a defense."

The rule and its exception are correctly stated in May on Insurance, § 356, as follows: "No notice is required from the insurer to the insured, that the premium, or note given for premium, is about to become due, unless the custom and course of dealing between them has been such as to justify the insured in the belief that such notice would be given, and induce him to rely upon it to his prejudice."—*Helme v. Phila. Life Ins. Co.*, 31 Penn. St. 107; *Union Cen. Life Ins. Co. v. Bernard*, 33 Ohio St. 459. See, also, as to waiver of forfeiture, *Boulton v. Amer. Mut. Life Ins. Co.*, 25 Conn. 542; *McAllister v. N. E. Mut. Life Ins. Co.*, 101 Mass. 558; *Buckbee v. U. S. Ins. An. & Tr. Co.*, 18 Barb. 541; *Mut. Life Ins. Co. v. French*, 30 Ohio St. 240; *Brooklyn Life Ins. Co. v. Bledsoe*, 52 Ala. 538; *P. & A. Life Ins. Co. v. Young*, 58 Ala. 476.

It is not our intention to deny that, if a policy stipulate that it shall be void on non-payment of premium, and there is nothing else in the transaction, such forfeiture will be enforced. What we do decide is, that if an insurance company, by its habits of business, create in the mind of a policy-holder the belief that payment may be delayed until demanded, or otherwise waive the right to demand a forfeiture, this is binding on the company, notwithstanding the express letter of the policy may not have been conformed to.—*Mut. Ben. Life Ins. Co. v. Jarvis*, 22 Conn. 133; *Amer. Ins. Co. v. Henly*, 40 Ind. 515; *Williams v. Albany Ins. Co.*, 19 Mich. 451; *Amer. Ins. Co. v. Stoy*, 41 Mich. 385; *Howell v. Knickerbocker Life Ins. Co.*, 44 N. Y. 276; *Schmidt v. Peoria Mar. & Fire Ins. Co.*, 41 Ill. 295; *Garlick v. Miss. Val. Ins. Co.*, 44 Iowa, 553; *Taylor v. Mer. Fire Ins. Co.*, 9 How. U. S. 390. See, also, as to waiver of written terms of contract, *Liddell v. Chidester*, 84 Ala. 508.

[Western Railway of Alabama v. Sistrunk.]

The rulings in this case are in substantial conformity with the principles declared above, and we find no error of which appellant can complain.

Affirmed.