## No. 655
## MUERTH v. BEST
Ohio Appeals, 7th Dist., Mahoning Co.

Decided March 25, 1925

**445. EASEMENTS—Evidence of ownerships of certain land, when directed to conditions existing from 1920 until date of trial, rather than to those spoken of in will executed years before, will not sustain title by adverse possession.**

ROBERTS, J.

This action was instituted in the Mahoning Common Pleas by J. C. Muerth against George Best, seeking to obtain an injunction restraining Best from passing over his farm and for $500 damages for trespass.

Muerth, it seems, owns a farm which fronts upon the Deerfield-Alliance Road, said road running in a northerly and southerly direction. Best ownes a tract of land directly in the rear of the southerly part of the Muert farm, said tract not abutting upon any public highway. Muerth claimed that Best passes over and through his land to and from his premises and unless restrained by order of the court will continue to do so to the great damage and injury to the plaintiff. It was also alleged that the driving over the land had damaged Muerth to the extent of $500, by reason of Best's cutting up the premises of Muerth by his passing over them.

Best contended that under the will of one, Milliard,, in whom was vested the common source of title, he had the right to pass over Muerth's land as a means of ingress and egress. It was contended that Milliard, in his will (executed . in 1879), mentioned a "lane running east and west between the dwelling house and farm on said homestead farm"; and that by reason of which he (Best) had a right to use said lane which referred to the means of passing through the premises, since Milliard owned both of these tracts. The land by various conveyances finally became the property of Best.

It was further contended by Best that the driveway or lane was an easement of necessity to his land and he had title to it by adverse possession.

The case was tried in the common pleas and judgment rendered from which the case was appealed. It was alleged by Muerth that it was unreasonable that the will should attach a condition that the lane could be used as long as owned by the particular devisee, as the value of the land would be reduced materially when the devisee desired to sell. The Court of Appeals held:

1. This court has no authority to speculate as to whether the testator exercised good judgment or not.

2. Best did not have an easement by reason of the terms of the will, since the period of right to the lane was limited to the ownership of the devisee, a daughter-in-law of Milliard's.

3. Although the will speaks of the lane, the evidence in the case was directed to the conditions existing between 1920, when Muerth acquired the real estate, and when the case was tried in the Common Pleas Court. Also a clearly defined track or trail extending over the farm was not disclosed by the evidence, and therefore Best has no title by adverse possession.

4. There was not sufficient evidence to show that damages were caused in an actionable way to Muerth's farm, but on the first cause of action, Best had no right of way across the farm and an injunction is allowed as prayed for restraining Best from passing over or trespassing over Muerth's land.

**Attorneys**—Hart and Koehler for Muerth; J. S. Miller for Best; all of Youngstown.