121 A.2d 662 (1956)
John J. MOULSON et ux.
v.
Michele IANNUCCILLI et ux.
Equity No. 2366.
Supreme Court of Rhode Island.
April 2, as of January 17, 1956.
Woolley, Blais & Quinn, Henry J. Blais, Pawtucket, for complainants.
Higgins & McCabe, Eugene V. Higgins, Providence, for respondents.
CAPOTOSTO, Justice.
This is a bill in equity for specific performance of a written agreement between husband and wife on one side and persons in the same relation on the other. After a hearing in the superior court on bill, answer, replication and proof, a decree was entered denying and dismissing the bill. The cause is before us on the complainants' appeal from the entry of such decree.
The complainants and the respondents are the owners of considerable unimproved land to the west of Hartford avenue in the town of Johnston. On August 15, 1951, apparently intending to develop the rear land of their respective properties for building sites, they entered into the written agreement here in question. The deeds to the properties and the agreement are in evidence as exhibits A, B and D. The description *663 of the premises involved and of the land covered by the agreement is rather complicated. Those instruments must of necessity be read together and in relation to each other in order to acquire a fair concept of their meaning and scope. In the circumstances, we incorporate herein by reference the aforesaid exhibits A, B and D for the assistance and guidance of persons who may be interested in ascertaining with mathematical accuracy the boundaries of the land described in the deeds and the agreement.
Broadly speaking, it appears in evidence that Raymond C. Colwell, by deed dated November 2, 1949 (exhibit B). conveyed to complainants an irregular, unimproved and large tract of land lying westerly of Hartford avenue. A strip of this land, fifteen feet in width, fronts on that highway and extends in a southerly and southwesterly direction to the main portion of the premises described in the deed. In other words, the bulk of complainants' property is some 300 feet westerly of Hartford avenue and is connected therewith only by the strip of land just mentioned. In this deed Colwell reserved to himself a right of way over said strip.
The same grantor, by deed dated August 15, 1951 (exhibit A), conveyed to respondents a parcel of unimproved land with a frontage of 73.5 feet on the westerly side of Hartford avenue, which parcel bounded northwesterly for some 160 feet on complainants' strip of land hereinbefore described, and abutted in the rear on other land belonging to respondents. On that same day the parties hereto entered into the written agreement presently in dispute (exhibit D).
Without attempting to fully describe the land affected by the agreement, the most important provisions of that instrument are as follows. In consideration of the performance, within two years, by respondents of the matters therein specified complainants granted them, their heirs and assigns, a right of way over certain land described by metes and bounds. In return for such grant, respondents agreed: (1) to grade a proposed street not less than thirty feet wide, using the strip of complainants' land already mentioned as part thereof; and (2) to extend such street for a specified distance into rear land owned by them to the west of Hartford avenue, which extension was to be "in a line not deviating from a straight line extension of the northwesterly boundary of the above-described right of way by more than five (5) degrees * * *."
The respondents further agreed to sell to complainants within two years of the date of the agreement, August 15, 1951, at a price not to exceed three cents per square foot, "that portion of land (or such portion thereof which said John J. Moulson et ux may desire) that lies between the extension of the proposed street and the northwesterly boundary of the present Iannuccilli land." The agreement ends with the following provision: "It is mutually understood that the right to use this right of way shall terminate within two (2) years from the date of this instrument, unless: (1) the proposed road is completed within the two year period up to the present northwesterly boundary of said Iannuccilli land, and (2) the extension of the proposed road onto the Iannuccilli land is definitely located within the same two (2) year period." The evidence clearly shows that respondents did none of the things required of them within said period.
The bill in the instant case, which asks the court to order specific performance by respondents of their part of the agreement, was filed October 14, 1953, or almost three months after the expiration of the above-mentioned two-year period. Construing the agreement in the light of all the evidence the trial justice held: First, that the conditions of the agreement not having been fulfilled by the respondents their right "to the right of way has ceased"; and secondly, citing Smart v. Boston Wire Stitcher Co., 50 R.I. 409, at page 417, for the settled rule that "The remedy of specific performance is not a right of complainant but rests in the sound discretion of the court guided by *664 the principles of equity," he denied and dismissed the bill.
The complainants urge that the decision of the trial justice was erroneous. Relying on the provisions of general laws 1938, chapter 435, § 10, their main contention in brief is that since the description of the right of way contains in itself no limitation or condition as to its use, complainants in reality conveyed to respondents an easement in fee, and that therefore the latter should be ordered to perform specifically their part of the agreement. We are not impressed by such contention because it does not satisfy the provisions of the statute when all the stipulations set forth in the agreement are fairly considered in relation to each other.
Section 10 of chap. 435, upon which complainants rely, provides that any form of conveyance in writing, duly signed and delivered by the grantor, shall be operative to convey to the grantee any of the specified rights absolutely in and to the land conveyed, "unless otherwise expressly limited in estate, condition, use or trust, and if otherwise expressly limited, shall convey such property for the time or estate or on the condition, use or trust as declared * * *." (italics ours) While it is true that the agreement conveys a right of way, yet it is also true that such grant was "expressly limited" in its use. This is clear when the conveyance or agreement, as it is called elsewhere by complainants, is read as a whole with due attention to the language and meaning of the concluding provision. It is unnecessary to discuss further the contention under consideration as, in our judgment, it is clearly without merit.
Upon a full and fair reading of the agreement it is plain that complainants granted to respondents a right of way which was to terminate at the end of two years unless before the expiration of that period the latter completed a proposed street and located its extension as specified within that period. Such a clearly expressed intention of the parties to limit the grant of an easement will be enforced. Tefft v. Reynolds, 43 R.I. 538; Robbins v. Archer, 147 Iowa 743; Newhoff v. Mayo, 48 N.J. Eq. 619. No notice of termination is necessary when the agreement or conveyance by its very terms provides therefor. Akasu v. Powers, 325 Mass. 497.
The provision of the agreement in the instant case concerning the prospective sale by respondents of certain land at a price not to exceed three cents a square foot did not bind complainants to buy it. Such provision constituted a clear and explicit option to purchase the whole or part of that land when identified by respondents in accordance with the agreement. It is generally held, both at law and in equity, that where the time for the exercise of an option is definite and unconditional such time is of the essence of the option. 55 Am. Jur., Vendor and Purchaser, § 40, p. 509. See Hicks v. Aylsworth, 13 R.I. 562. In the circumstances of record, the option under consideration expired at the end of the two-year period fixed in the agreement.
All the other contentions briefed or argued by complainants have been considered and found to be without merit.
The complainants' appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the superior court for further proceedings.
BAKER, J., did not participate in the decision.