299 So.2d 243

**EMPLOYERS INSURANCE COMPANY OF ALABAMA, INC., a corporation**

v.

**Murry West HARE.**

**SC 530.**

Supreme Court of Alabama.

Aug. 22, 1974.

**638**

Dunn, Porterfield, McDowell & Scholl, and Thomas E. Baddley, Jr., Birmingham, for appellant.

Marshall H. Sims, Trussville, for appellee.

McCALL, Justice.

The complainant, an insured under an automobile liability insurance policy issued to him by the respondent, filed his bill of complaint for a declaratory judgment to have determined his rights, status or other legal relations under the policy and to enforce the contract of insurance. The court rendered a final decree in the complainant's favor.

The substance of the bill is that the respondent issued the complainant an automobile liability policy of insurance effective on July 21, 1970, that the policy was taken out with the respondent's agent, Franklin-Patton-Smith Insurance Agency, Inc. along with a homeowner's policy, that the agent billed the complainant for both policies, that he paid the amounts for which he was billed and that on the anniversary of the automobile policy on July 21, 1971, the agent billed the complainant again and he paid that amount.

The bill further alleges that the complainant was not notified of any amount owing for the automobile policy or that the policy had lapsed due to his failure to pay the premium, that the complainant had an automobile accident on January 4, 1972, that the respondent has repeatedly refused to provide him coverage for the accident under the terms of the policy, and finally, that a justiciable controversy exists between the parties which requires determination by the court.

The trial judge decreed that the complainant-insured had a good and binding policy of insurance at the time of the accident.

 Since the bill alleges the substance of a bona fide justiciable controversy between the parties, which should be settled by a declaration of their rights under the automobile policy, the court did not err in overruling the respondent's demurrer to the bill. White v. Brookley Federal Credit Union, 283 Ala. 597, 605, 219 So.2d 849; Employers Ins. Co. of Alabama v. Cross, 284 Ala. 505, 508, 226 So.2d 161. A demurrer is rarely appropriate in a declaratory judgment proceeding. Curjel v. Ash, 261 Ala. 42, 72 So.2d 732; Auto-Owners Ins. Co. v. Stokes, 284 Ala. 537, 226 So.2d 320. The probability of the complainant's success in a declaratory judgment proceeding is not a test going to the sufficiency of the bill of complaint on demurrer, but it is whether his bill states the existence of a bona fide justiciable controversy which should be settled by the court. Metzger Bros. v. Royal Indemnity Co., 274 Ala. 643, 151 So.2d 244.

The automobile accident for which the complainant seeks insurance coverage occurred on January 4, 1972. This was approximately five and a half months after the expiration of the policy period provided for in the complainant's last issued policy No. AC 99690. The policy period there stated is from July 21, 1970 to July 21, 1971. This policy was a second annual renewal policy of the complainant's automobile liability insurance, his last previous renewal policy being No. AC 99598.

On May 21, 1970, the respondent insurance company wrote the complainant advising him that his then current policy (AC 99598) soon would expire, and that the respondent was willing to renew the policy, the premium being $103, that remittance should not be made to the respondent, but to the agent of record, that the agent of record would assist him in handling the renewal of the coverage and to please contact him. The respondent cautioned the complainant to handle the renewal before his then existing policy expired, so as to avoid any lapse of coverage. The letter further stated that if the respondent did not receive a remittance through the agent of record, it would assume the complainant did not require the renewal.

On June 17, 1970, the respondent wrote the complainant that his policy had been renewed, it being policy No. AC 99690, and to pick it up at his agent's, Franklin-Patton-Smith, Inc. The policy period was to begin on July 21, 1970. The complainant paid $53 as part of the $103 premium by his check to Franklin-Patton-Smith, Inc. on June 15, 1970. On June 24, 1970, the agency sent the complainant a statement showing a credit of $53 and a balance of $50 due on the premium for that policy. Another statement had been sent dated June 23, 1970, simply showing that a balance of $50 was due. The complainant paid the agent this balance of $50 by check

dated July 22, 1970, noting on the check "Ins. on car." The premium of $103 on policy No. AC 99690 was thus paid in full on the last mentioned date.

The policy had been paid in full on July 22, 1970, approximately a year before its expiration on July 21, 1971. No further payment being owing, there was no further need to bill the complainant for automobile liability insurance.

The complainant testified that he paid bills for insurance sent him by the agency upon their receipt, that he paid the agency $41 by check on August 12, 1970 for insurance on his house, and $50 by check on August 6, 1971, which was after policy No. AC 99690 had expired on July 21, 1971. It does not appear in the record for what this payment was made, other than the complainant's testimony that he paid all bills for insurance that the agency sent him, but there is no evidence that he was sent a bill for automobile liability insurance. He paid $51 by check on July 21, 1972, and $51 by check on February 14, 1973. The last two checks were delivered some months after January 17, 1972, when the respondent advised the complainant that his automobile liability policy had lapsed as of July 21, 1971. We do not consider this evidence sufficient upon which to find that the complainant paid further premiums on his automobile policy after the policy period.

The bill alleges in part: "On the anniversary date of July 21, 1971, of the automobile insurance policy, your Complainant was billed again by the aforesaid agent and Complainant paid the amount billed." We do not find any evidence in the record however that the Complainant was billed for a renewal of his automobile policy (AC 99690), or for that type of insurance coverage; or, that he made any payments to that end which would support the foregoing allegation in his bill.

We do not find any evidence that supports a finding that there was a renewal or extension of the automobile policy.

In City Mortgage & Discount Co. v. Palatine Ins. Co., 226 Ala. 179, 145 So. 490, we find this statement by the court:

"* * * A renewal is, in effect, a new contract of insurance, especially when not provided for in the original policy, at least in the sense that it requires the mutual assent of the parties and a new consideration. The agreement to renew must have all the essentials for a valid contract. 26 C.J. 109, § 108. * * *"

The complainant sums up his position as follows:

"Q. In other words, Mr. Hare, you thought that your insurance was going to go on forever until you got another bill, is that what you're telling us?

"A. Yes.

"Q. Okay.

"A. Wait a minute, they gave me a bill for my house, and naturally I expected them to notify me about the automobile, and if they did give me a bill I would have given them a check, just like I did about the house. I didn't, as a matter of fact, probably like you say, I ought to remember it, I probably ought to but I didn't.

"Q. Yes, sir.
"A. I wasn't paying any attention. I was just expecting them to mail me a bill, and that is the way, I mailed it when they would mail me the bill, and I would mail them a check."

And, as the complainant concludes, he expected them (the insurance company or agency) to send him a notice on the insurance, because they did on the house.

The question then is whether or not the respondent was obligated to notify the complainant that policy No. AC 99690 would expire on July 21, 1971. In our opinion no such notification was required to be given by the respondent. The express provisions of the complainant's policy

of insurance were sufficient to apprise him of the policy period and the time when his insurance coverage would expire. Where an agreement provides for termination at a certain time, no notice of termination is necessary. 17A C.J.S. Contracts, §§ 385(1); Moulson v. Iannuccilli, 84 R.I. 85, 121 A.2d 662. Nothing in the policy required the respondent to do anything more in the way of reminding the insured about the expiration of his insurance. The parties to the contract were at liberty to prescribe a fixed term for its duration. Phenix City v. Alabama Power Co., 239 Ala. 547, 195 So. 894.

The trial court erred in entering a final decree in favor of the complainant. The case is therefore reversed and remanded.

Reversed and remanded.

COLEMAN, HARWOOD, BLOODWORTH and JONES, JJ., concur.