This is an appeal from a directed verdict in which the trial court ruled that the insurance policy which the plaintiff had sued on had expired prior to the date of the incident alleged to have been covered under the policy. We find no prejudicial error in the trial court's ruling, and affirm the judgment entered for the company.
The facts of the case are not complicated. Foremost Insurance Company, Inc., issued to the plaintiff a policy of insurance to cover the plaintiff's mobile home for specified losses for a policy period effective from June 27, 1978, to June 27, 1979. The insurance policy lapsed on June 27, 1979, for non-payment of premiums. On July 2, 1979, approximately five days after the policy lapsed, the plaintiff's mobile home was destroyed by a tornado. When the insurance company refused to pay the plaintiff's claim for damages under the policy, the plaintiff brought this action.
At the conclusion of the plaintiff's case, the trial court granted the insurance company's motion for directed verdict. It is from the judgment entered on the directed verdict that the plaintiff brings this appeal.
The plaintiff contended at trial and, also argues on appeal, that under the terms of the policy which was admitted into evidence, the insurance company had a legal obligation to notify the plaintiff that her policy would expire on the stated expiration date unless sufficient premium payments were made by the plaintiff prior to that time. This argument is based on the following clause contained in the insurance policy:
"CANCELLATION OR NONRENEWAL
 "We agree to offer to renew YOUR policy unless WE mail YOU at least 45 days, but not more than 60 days before the `To' date shown on Page One, written notice of OUR intention not to renew this policy. With YOUR payment of the premium WE will renew this policy. . . ."
In Employer's Insurance Company of Alabama, Inc. v. Hare,292 Ala. 637, 640, 641, 299 So.2d 243 (1974), this Court stated:
 "The question then is whether or not the respondent was obligated to notify the complainant that policy No. AC 99690 would expire on July 21, 1971. In our opinion no such notification was required to be given by the respondent. The express provisions of the complainant's policy of insurance were sufficient to apprise him of the policy period and the time *Page 126 
when his insurance coverage would expire. Where an agreement provides for termination at a certain time, no notice of termination is necessary. 17A C.J.S. Contracts, § 385 (1); Moulson v. Iannuccilli, 84 R.I. 85, 121 A.2d 662. Nothing in the policy required the respondent to do anything more in the way of reminding the insured about the expiration of his insurance. The parties to the contract were at liberty to prescribe a fixed term for its duration. Phenix City v. Alabama Power Co., 239 Ala. 547, 195 So. 894."
This Court has consistently upheld the fundamental rules of insurance law that any ambiguities in an insurance policy are to be resolved in favor of the insured and that the provisions of the policy must be construed in light of the interpretation that ordinary persons would place on the language used.Employers Insurance Company of Alabama, Inc. v. Jeff GinCompany, 378 So.2d 693 (Ala. 1979). In our opinion, however, the clause concerning renewal of the policy in this case is clear on its face. It does not place the burden on the insurance company to contact the insured and make him an express offer of renewal prior to the expiration of the period which the existing policy covers, nor does it place the burden on the insurance company to notify the insured that his policy is about to terminate. Rather, the policy gives the insured a standing offer to renew the policy unless the insured is informed to the contrary; renewal is conditioned upon the payment of the premium. The plaintiff admitted at trial and, also, in her brief, that she did not pay the premium to renew the policy. The wording of the policy allows for no interpretation other than that the policy expired on June 27, 1979, and, when the plaintiff did not pay the premium to renew that policy prior to the expiration date, she became uninsured.
There is an exception to the above-stated rule:
 "We have held that if an insurance company, by its habits of business, creates in the mind of a policyholder the belief that payment may be delayed until demanded, or otherwise waives the right to demand a forfeiture, this is binding on the company notwithstanding there may not have been a compliance with the express letter of the policy. Home Protection of North Alabama v. Avery, 85 Ala. 348, 5 So. 143. Such is the general rule. 45 C.J.S. Insurance § 712; 29 Am.Jur., Insurance, § 860; 3 Couch on Insurance, § 681. But that principle has no application unless the custom or usage was one of which the insured had knowledge and upon which he relied. Bosworth v. Western Mut. Aid Soc., 75 Iowa 582, 39 N.W. 903; 3 Couch on Insurance, § 681a.
Inter-Ocean Insurance Company v. Banks, 268 Ala. 25, 28,104 So.2d 836 (1958). The exception is inapplicable under the facts of this case.
There was no evidence presented at trial that the insurance company had established any habit or custom with regard to this plaintiff nor that the plaintiff had knowledge of, and relied upon, the fact that the company normally provided such a service. In fact, this policy had only been in effect for one policy period and had never been renewed by the plaintiff before. We fail to see, nor does the plaintiff offer, any way in which the insurer could have established a business habit or custom concerning renewal with this plaintiff.
Upon our review of all the facts presented in this case, and upon our consideration of the applicable law, we find that the trial court did not err in granting a directed verdict in favor of the defendant insurance company in this case. There is not a scintilla of evidence from which the plaintiff could recover.
AFFIRMED.
TORBERT, C.J., and JONES, SHORES and BEATTY, JJ., concur. *Page 127