SHORES, Justice.
The plaintiffs appeal from a summary judgment for the defendant, Alfa Mutual Fire Insurance Company (“Alfa”), in a case based on a policy of fire insurance issued by Alfa to the plaintiffs. Alfa claims the policy had expired before the occurrence of the *977 house fire that led to the claims in this case. We affirm.
Gery and Patricia Redden sued Alfa, alleging bad faith failure to pay an insurance claim, breach of contract, and fraud, for Alfa’s failure to pay a claim the Reddens had made pursuant to their policy. Alfa moved for a summary judgment. The court, after hearing oral arguments on the contract claim alone, entered a summary judgment for Alfa on all three claims. The Reddens appeal.
The Reddens’ policy had an effective date, written on the front of the policy, of June 3, 1991, and an expiration date of December 3, 1991. The declaration on the. front of the policy states:
“The term of this policy shall be from 12:01 A.M. Central Standard Time as to each of said dates, and for such succeeding policy terms each thereafter as the required renewal premium is paid on or before expiration of the current term and accepted by the Company.”
On or about November 15,1991, the Reddens received a “premium due” notice. Although the Reddens deny reading it, the following statement appeared on the back of the “premium due” notice:
“Any premium you pay after the premium Due Date, if accepted by us, is with the understanding, by both you and us that we are not hable, under any provisions of the policy, for claims for the period between the Due Date and the time delinquent premium is received and accepted by us.
“WHEN YOUR CHECK IS PAID BY YOUR BANK IT RENEWS YOUR POLICY TO WILL PAY TO’ DATE.”
On or about December 12,1991, the Reddens received an expiration notice dated December 9, 1991. The envelope containing this notice was labeled “Final Premium Notice.” The Reddens did not open this envelope until after the fire that destroyed their home; that fire occurred on December 15, 1991. On December 18, 1991, the Reddens mailed Alfa a check for the renewal. Alfa returned the check to the Reddens by certified mail on December 19, 1991.
The issue raised by the Reddens is whether the language of paragraph 17 of the policy section entitled “Conditions,” which paragraph deals with cancellation, required that Alfa give the Reddens at least 10 days’ notice of cancellation for nonpayment of the renewal premium.
The Reddens argue that, as a whole, the fire insurance policy is ambiguous, and, thus, should be construed in their favor. St. Paul Fire & Marine Ins. Co. v. Edge Memorial Hospital, 584 So.2d 1316, 1322 (Ala.1991). Their argument that the contract is ambiguous is based on the cancellation clause, which provides as follows:
“17. Cancellation_
[[Image here]]
“b. We may cancel this policy only for the reasons stated in this condition by notifying you in writing of the date the cancellation takes effect. This cancellation notice may be delivered to you, or mailed to you at your mailing address shown in the Declarations. Proof of mailing shall be sufficient proof of notice.
“(1) When you have not paid the premium, whether payable to us or to our agent or under any finance or credit plan, we may cancel at any time by notifying you at least 10 days before the date cancellation takes effect.”
The Reddens argue that this cancellation clause should be construed to require that Alfa give 10 days’ notice before cancelling the policy. Thus, they argue, because the expiration notice dated December 9, 1991, was the first correspondence they received that stated a cancellation date for the policy, the earliest date the policy could have been canceled was December 19, 1991.
In Childress v. Foremost Ins. Co., 411 So.2d 124 (Ala.1982), as in this ease, the plaintiff had an insurance policy with an expressly stated effective period. The plaintiffs policy had expired because of a failure to pay the renewal premium before the policy’s expiration date. Five days after the policy had expired, the plaintiffs property was destroyed by a tornado. The plaintiff argued that the insurance company had a legal obligation to give the plaintiff notice that her policy would expire on the stated expiration date unless the premium was paid *978 by that date. The trial court directed a verdict in favor of the insurance company on the issue of whether the policy was in effect at the time of the tornado. We affirmed the judgment. Our decision was based on the principle that the parties to a contract are free to prescribe a fixed term for the duration of that contract and that, when the agreement provides for a termination at a certain time, no notice of that termination is required. Childress, 411 So.2d at 126; Phenix City v. Alabama Power Co., 239 Ala. 547, 195 So. 894 (1940).
In Childress, we quoted from Employer’s Insurance Co. of Alabama, Inc. v. Hare, 292 Ala. 637, 640-41, 299 So.2d 243 (1974), where we said:
“The question then is whether or not the respondent was obligated to notify the complainant that policy No. AC 99690 would expire on July 21, 1971. In our opinion no such notification was required to be given by the respondent. The express provisions of the complainant’s policy of insurance were sufficient to apprise him of the policy period and the time when his insurance coverage would expire. Where an agreement provides for termination at a certain time, no notice of termination is necessary_ Nothing in the policy required the respondent to do anything more in the way of reminding the insured about the expiration of his insurance. The parties to the contract were at liberty to prescribe a fixed term for its duration.”
411 So.2d at 125-26. (Citations omitted; emphasis added.) In Childress, the plaintiff argued that the following clause rendered the policy ambiguous:
“CANCELLATION OR NONRENEWAL
“We agree to offer to renew YOUR policy unless WE mail YOU at least 45 days, but not more than 60 days before the ‘To’ date shown on page One, written notice of OUR intention not to renew this policy. With YOUR payment of the premium WE will renew this policy....”
411 So.2d at 125. However, after considering that clause, the Court stated:
“The wording of the policy allows for no interpretation other than that the policy expired on June 27, 1979, and, when the plaintiff did not pay the premium to renew that policy prior to the expiration date, she became uninsured.”
Childress, 411 So.2d at 126.
This case does not, as the Reddens argue, concern the cancellation of a policy. At issue is the expiration of a contract term. The front of the policy explicitly states that the expiration date was December 3, 1991. We find nothing ambiguous in this provision. Here, as in Childress, the wording of the policy allows for no interpretation other than that the policy expired on December 3, 1991. Alfa sent the Reddens a “premium due” notice on November 15, 1991. Mrs. Redden admitted in her deposition testimony that she knew the premium had been due on December 3, 1991. The Reddens had not paid the premium by December 3, 1991, nor had they paid it by the time of the fire.
Based on the foregoing, the summary judgment is affirmed.
AFFIRMED.
HORNSBY, C.J., and HOUSTON, STEAGALL and INGRAM, JJ., concur.