OPINION
{¶ 1} In February 1999, appellant entered into an agreement to sell a house and one-acre parcel of real estate on Home Road in Mansfield, Ohio, to appellee. As there was no driveway connecting the house to Home Road, appellant agreed to permit the use of a driveway which was situated on appellant's adjoining lot. However, the parties agreed that if appellee were to put in his own driveway, such an easement would no longer be in effect. Appellant and his wife, Carolyn, conveyed the parcel to appellee via a general warranty deed on April 7, 1999. The deed included the following provision: "Grantors further grant to grantee, his heirs, successors and assigns, an easement right for grantee to continue to use the driveway on grantor's property until grantee constructs his own driveway."
 {¶ 2} Appellee thereafter did not construct his own driveway, although there was conflicting testimony concerning whether appellee had actually stated that he would do so. On September 2, 2002, appellant filed a complaint seeking an order enjoining appellee from continued use of the driveway on appellant's property. Appellee answered, and the matter proceeded to a bench trial on July 25, 2003. At that time, both parties testified, and several joint exhibits were submitted to the court.
 {¶ 3} On September 2, 2003, the court issued a judgment entry denying appellant's request for an injunction. Appellant filed a notice of appeal on September 29, 2003, and herein raises the following two Assignments of Error:
 {¶ 4} "I. The trial court erred as a matter of law in finding that the plaintiff-appellant, phillip devoe, was not entitled to an order enjoining defendant-appellee, james lavelle, from continual use of the devoe driveway for ingress and egress to the lavelle property.
 {¶ 5} "II. The decision of the trial court refusing to grant an injunction prohibiting the continual use of the phillip devoe driveway by james lavelle is contrary to the evidence and the finding of the court that the parties discussed the construction of a driveway on james lavelle's property prior to the conveyance."
 I., II. {¶ 6} In both Assignments of Error, appellant contends the trial court erred in denying his request for an injunction against appellee's use of the driveway easement. We disagree.
 {¶ 7} Appellate review of a trial court's interpretation of an easement agreement is conducted under a de novo standard of review, but we defer to the court's factual findings, including findings about the parties' intent, if there is any competent, credible evidence that supports the trial court's decision. Kuhnv. Ferrante, Stark App. No. 2001CA00115, 2002-Ohio-358, citingFitzgerald v. Keller (June 12, 1996), Lorain App. No. 95CA006107. Where an enforceable easement exists, its scope will generally be defined by the language of the granting instrument. See Lowe v. Redgate (1884), 42 Ohio St. 329, 339.
 {¶ 8} A conditional easement may be designed to terminate upon the happening of a specified event or contingency. See 25 Am.Jur.2d Easements Licenses § 111 (1996). "Generally, easements determinable upon condition are of two types: (1) those that end upon the happening of a condition and (2) those that can be ended if the grantee fails to comply with conditions subsequent." Rector v. Halliburton (Feb. 26, 2003), Tenn. Ct. App. No. M1999-02802-COA-R3-CV. See, also, Muerth v. Best
(1925), 3 Ohio Law Abs. 459. In the case sub judice, the "condition" that would end the easement is appellee's construction of a separate driveway. The crux of appellant's argument is that while the easement's language does not specify the time duration of appellee's use of the present right-of-way, a reasonable time for construction of appellee's new driveway should have at least been determined by the trial court.
 {¶ 9} Certainly, "[a] clearly expressed intention of the parties to limit the grant of an easement will be enforced."Moulson v. Iannuccilli (1956), 84 R.I. 85, 90, 121 A.2d 662,664. However, when the intent of the parties to an easement is clear from the face of the conveyance, it is not necessary to resort to rules of construction to determine the easement's effect. Murray v. Lyon (1994), 95 Ohio App.3d 215, 219. We hold that the phrase "until grantee constructs his own driveway" is neither ambiguous nor unclear. Nonetheless, even if we were to conclude otherwise, we would not be inclined to reverse the judgment of the trial court under these facts and circumstances. "It has long been the rule in Ohio that instruments such as deeds must be construed most strongly in favor of the grantee, and against the grantor, in order to derogate as little as possible from the extent of the grant." Hurst v. Baker (April 18, 1997), Gallia App. No. 96CA07, citing Pure Oil Co. v. Kindall (1927),116 Ohio St. 188, 202-203. Here, appellant, as grantor, arranged for the drafting of the purchase agreement[1] and the preparation of the deed. Tr. at 18, 22. Appellant's argument must fail for these reasons as well.
 {¶ 10} Appellant's First and Second Assignments of Error are overruled.
 {¶ 11} For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Richland County, Ohio, is hereby affirmed.
Gwin, J., and Edwards, J., concur.
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas, Richland County, Ohio, is affirmed.
Costs to appellant.
[1] The purchase agreement similarly reads that "if buyer puts in another driveway on his property, [the] easement * * * will no longer be in effect."