226 So.2d 161

**EMPLOYERS INSURANCE COMPANY OF ALABAMA, a Corporation, alias etc.**

v.

**Leonard CROSS and Frank Cross.**

**8 Div. 307.**

Supreme Court of Alabama.

Aug. 21, 1969.

Patton & Latham, Athens, for appellees.

Woodroof & Woodroof, Athens, Smith & Lammons, Huntsville, for appellant.

HARWOOD, Justice.

Leonard Cross and Frank Cross filed a bill for a declaratory judgment alleging in substance that Employers Insurance Company of Alabama had issued a family combination automobile insurance policy covering a described Ford automobile owned by Leonard Cross, which policy provided casualty coverage to the named insured, and any resident of his household, and any other person using the automobile with the insured's permission, if within the scope of the permission.

The bill further alleged that Frank Cross was operating the automobile with the permission of the insured, and within the scope

of such permission, when he was involved in an accident; that as a result of said accident suits were filed against Frank Cross by the three individual respondents named in this proceeding, said suits being pending at the time of the declaratory action.

It is further averred that the respondent Employers Insurance Company contends that its policy of insurance does not cover the legal liability arising out of the accident, and that it is not obligated by the policy to defend said suits, nor to pay any judgment resulting from said suits.

The complainants deny this contention by Employers and allege that the policy does cover the accident, and asserts that as a result of such dispute between the complainants and Employers a valid justiciable controversy exists.

The bill prays that the court find that a justiciable controversy exists, and upon a final hearing will order, adjudge, and decree that said policy covers and protects the complainants in any lawsuits arising as a result of said accident.

The policy in question was attached to and made a part of the bill.

The respondent Employers Insurance Company filed a motion to quash the bill of complaint, and a demurrer. One or more of the individual respondents also filed pleadings, but since they have not joined Employers in this appeal, we see no need to state such procedures by the individual respondents

At a pre-trial hearing the Chancellor overruled Employers' motion to quash and demurrer. Employers then filed an answer setting up that there was no liability on its part under the policy because of an exclusion provision therein providing that the policy does not apply to bodily injury or damage intentionally caused; that the damages or injuries claimed in the suits against Frank Cross were intentionally caused.

Thereupon, under the provisions of Equity Rule 38, the Chancellor framed certain issues, one being whether Employers was liable under the policy to defend and pay damages up to the policy limits, or was relieved of such liability, because of the exclusion in the policy that it did not apply to injury or damage caused by an intentional act.

The cause came on for hearing, and the jury returned a verdict:

"We the jury, find that the act of Frank Cross was not an intentional act."

The court thereafter on 16 December 1967, entered a decree in accordance with the verdict and ordered, adjudged and decreed that Employers was liable under the policy to defend the suits brought against the complainants, and to pay any damages up to the policy limits, which might be awarded in said suits.

An application for a rehearing was presented by Employers on 9 January 1968, set for hearing and submission on briefs on 20 January 1968, and was marked filed on that date. This application was denied by an order filed 25 January 1968, no party having submitted a brief as previously requested.

Employers perfected this appeal from the declaratory judgment of 16 December 1967.

Appellant's assignments of error 1, 2, and 4, assert error in the action of the court in overruling appellant's motion to quash the summons and complaint, and in overruling appellant's demurrer to the bill.

Counsel's arguments under these assignments are to the effect that these actions by the Chancellor were erroneous in that the bill fails to aver that appellee-complainants did not have an adequate remedy at law, and therefore failed to state a justiciable issue.

The latest case cited by appellant in support of his arguments under these assignments is Gambill v. Greenwood, 247 Ala. 149, 22 So.2d 903, published in 1945.

None of the cases cited by counsel for appellant in support of his arguments under these assignments are applicable in that Sec. 167, Tit. 7, Code of Alabama 1940 (Alabama Declaratory Act), was amended in 1947 by adding to Sec. 167 the following sentence:

"The remedy provided for by this article shall not be construed by any court as an unusual or extraordinary one but shall be construed to be an alternative or cumulative remedy."

■ Since the 1947 amendment, supra, the fact that some other adequate remedy at law exists to settle the controversy is not a defense in a declaratory action. Alexander City v. Continental Ins. Co., 262 Ala. 515, 80 So.2d 523; Rogers v. Lumbermans Mutual Cas. Co., 271 Ala. 348, 124 So.2d 70.

■■ A declaratory action is a proper method of establishing the rights and status of the parties under a contract of insurance, and if the bill of complaint states the substance of a bona fide justiciable controversy, which should be settled, a cause of action is stated, and demurrers thereto should be overruled. Rogers v. Lumbermans Mutual Cas. Co., supra. The bill in the present proceedings complies with the above requirements, and the action of the court in overruling the motion to quash, and the demurrer, in the aspects set forth in the arguments under assignments 1, 2, and 4, was proper.

■ Under assignment of error 3, counsel for appellant has argued that the court erred in overruling the demurrer to the bill on the ground asserting that the bill does not show such relationship of Frank Cross, one of the complainants, to the policy as to afford coverage to Frank Cross.

Counsel has cited no cases in support of this argument. Even so, the bill avers that the policy in question provided casualty coverage for the automobile owned by Leonard Cross, and any other person using Leonard Cross' automobile with his permission, and in the scope of the permission.

The bill further avers that Frank Cross was so operating the Leonard Cross automobile at the time of the accident. Such averments deny the validity of appellant's argument under assignment of error No. 3.

■ Assignment of error 5 asserts error because of the court's action in overruling an objection to a question propounded to the complainant-appellee, Leonard Cross, as follows: "This is the policy you bought?"

The policy had already been admitted by agreement at a pre-trial hearing. The question related to an undisputed matter and did not, as now contended by appellant, relate to the content of the policy. No merit attaches to this assignment.

■ Assignment of error 6 is predicated upon the court's action in sustaining complainant's objection to the following question propounded to complainant Leonard Cross on cross-examination: "All right, now, at the time of the wreck, Frank's furniture was not in your house?"

At the pre-trial hearing at which all counsel were present, the court, under Equity Rule 38, had formulated and entered an order to the effect that the issue in this proceeding was whether Employers was liable under the policy to defend the suits brought against Cross, and to pay damages up to the policy limits, or whether it was not liable to so do because of an exclusion in the policy that the policy did not apply to injury or damage resulting from an intentional act.

Under this issue the fact as to whether Frank Cross was a resident in Leonard Cross' household was irrelevant and immaterial to the issues formulated. The action of the court in the premises was correct.

■ Assignment of error 7 claims error because the trial court erred in not instructing the jury to disregard a statement made by counsel for one of the individual respondents. Counsel for Employers objected to the statement and the court sustained the objection. The matter was not

pursued further, and the court was not requested to instruct the jury as to the impropriety of the statement. Since no request was made for any such instructions, and no further action of the court was invoked, we are unwilling to cast error on the court in this posture of the record.

■ Assignment of error 7 asserts error because of the court's action in sustaining complainant's objection to the reception in evidence of a showing for a witness outside the state of Alabama, said showing to consist of a showing of the same witnesses admitted in a previous hearing. In other words, the respondent offered as a showing, a showing made in a previous trial.

From a reading of the record, it cannot be determined what the nature of this other trial was, other than it was a suit for damages resulting from a collision of the two automobiles involved in the present suit. Apparently the same policy was involved, but different provisions thereof. The colloquy of counsel in reference to this matter is so vague and uncertain as to make a review impossible. All of this would support the trial court's ruling in the premises.

■ In addition, where testimony at a former trial is properly within the principles governing admission of such testimony, it must have been under such circumstances as will afford the adverse party an opportunity for cross-examination to test its credibility. See Wyatt v. State, 35 Ala. App. 147, 46 So.2d 837, for a full discussion for rules governing admission of testimony of a witness given at a former trial. There was of course no opportunity for cross-examination in connection with the showing made in the former trial.

There are other grounds supporting the trial court's ruling pertaining to the rejection of this "showing of a showing" but we see no purpose in discussing them.

Assignments of error 9 and 10 relate to the court's action in overruling respondent's objections to separate questions propounded by complainant to complainant's witness, Dewey Williams. The rulings in these two instances are so palpably correct when measured by long settled principles governing the admission of evidence, we consider that no useful purpose would be served by a reiteration of these principles.

■ Appellant's assignment of error 11 asserts error because of the court's action in giving, at the request of the appellee, the following written charge:

"The court charges the jury if you believe from the evidence in this case that the witness, Bettye Duggar, has willfully and corruptly sworn falsely as to any material fact in this case, you may in your discretion disregard her testimony entirely."

In Alabama Steel and Wire Co. v. Griffin, Admr., 149 Ala. 423, 42 So. 1034, it was held that a charge identical with the above charge, except for the name of the witness, should have been given. See also Jones v. Americar, Inc., 283 Ala. 638, 219 So.2d 893.

Assignment of error 12 relates to the court's action in denying appellant's application for a rehearing.

■ The ruling of a court of equity on petition for rehearing filed after the final decree is not reviewable on appeal. Brintle v. Wood, 223 Ala. 472, 136 So. 803; Owens v. Washington, 260 Ala. 198, 69 So.2d 694.

Affirmed.

LIVINGSTON, C. J., and LAWSON and MERRILL, JJ., concur.