This contested divorce case was presented ore tenus to the trial court. The final judgment awarded alimony in gross of $61,200 to the wife with the husband having the right to pay it either in a lump sum or at the rate of $850 per month for a period of 72 months. He was further ordered to pay $300 per month to the wife for the support of their minor child. The husband appealed and argues that the trial court abused its discretion in those two awards.
The record discloses the following:
This was the wife's second marriage and the third for the husband. They married in April 1982 and were divorced in December 1986. They each have children from their prior marriages, and this union produced one child.
The wife is thirty-seven years of age, and she has a high school education with limited work experience and training. She has three minor children. She entered into a joint business venture of broiler raising with her father that is time demanding. It will produce no income for her for about six more years. Because of that enterprise, she cannot presently accept employment outside of her home which requires her absence therefrom for any appreciable number of hours. The husband encouraged her to enter into that business. The wife is a substitute school bus driver, but works only sporadically and earns $17.50 on those days that she is permitted to drive. Her former husband pays $250 each month to her for the support of her two oldest children. She has no other income other than as above mentioned. The home is in her name only, and it was mortgaged for $66,400 in February 1984. That debt is payable over a twenty-five year period with the payments presently being $807 per month. Some of her monthly bills total $1,261, including that home mortgage payment, but not including food, clothing, or vehicle operation expenses for herself or the child of the parties.
The husband is a graduate engineer and now earns about $47,000 per year. He contends that his expenses are $2,075 each month and that he nets $1,856 monthly from his regular work. However, that monthly net does not include his wages for frequent overtime.
Admittedly, the husband had an affair with a Mrs. Gardner. The parties separated and then reconciled in 1984 on that account, but there was evidence before the trial court that strongly indicated that his relationship with Mrs. Gardner continued thereafter. He sent two checks to Mrs. Gardner in November 1984 which totaled $500. He admitted to two long distance calls to Mrs. Gardner in March 1986. He secretly rented a mobile home in January 1986. The wife testified that the husband would frequently tell her that he had to work overtime or on weekends, but that he would not be at his place of employment on those occasions.
The husband was cross-examined extensively concerning fifteen of his telephone calls which were charged to his telephone in his mobile home. Those fifteen calls were made to the same number in Duncanville, Texas, over a thirteen-day period in March 1986. Mrs. Gardner lives and works in Texas. After the wife's attorney had unsuccessfully attempted, throughout six pages of the trial transcript, to get the husband to testify as to whom those fifteen telephone calls were made, the trial court stated to the husband, "I believe you have been extremely evasive and it strains my imagination to think that you made that many calls in that period of time to the same telephone number and don't know who you were calling."
The husband contends that such remarks of the trial court indicate bias and that we should reverse the alimony in gross and child support awards on that account. We disagree for the legal reasons that follow.
In a nonjury trial, the trial court is the trier of facts. As such, it is the sole judge of the evidence and of the credibility of *Page 5 
witnesses, and the trial court should accept only that testimony which it considers to be worthy of belief. In determining the weight to be accorded to the testimony of any witness, the trial court may consider the demeanor of the witness, the witness's apparent candor or evasiveness, or the existence or nonexistence of any bias or interest. AlabamaPattern Jury Instructions, Charge 15.02, p. 240 (1974). If the trial court believed from the evidence that the husband willfully and corruptly swore falsely as to the fifteen telephone calls, which was a material fact in the case, the trial court as the trier of the facts could have, in its discretion, disregarded all of his testimony. EmployersInsurance Co. v. Cross, 284 Ala. 505, 509, 226 So.2d 161, 165
(1969). A trial court is granted much discretion in the trial of a case, and unless that discretion is palpably abused, an appellate court will not interfere to control such discretion, but will presume that the trial court acted properly and accorded to all litigants a fair and impartial trial. Gwin v.State, 425 So.2d 500, 507 (Ala.Crim.App. 1982) (quoting fromDennison v. State, 17 Ala. App. 674, 88 So. 211 (1921)).
We concur with the trial court's characterization of the husband's evasive answers as being incredible, and we find no bias when the trial court frankly voiced a valid opinion thereon.
The applicable law as to alimony in gross follows:
 "An award of alimony in gross is intended to effect a final termination of the property rights of the parties, and is an approximate appraisal of the present value of the wife's future support, and, in a measure, a compensation for her loss of inchoate property rights in her husband's estate. Hager v. Hager, 293 Ala. 47, 299 So.2d 743 (Ala. 1974). An award of alimony in gross is a matter within the sound discretion of the trial court, Weeks v. Weeks, 373 So.2d 848 (Ala.Civ.App. 1979), and an exercise of that discretion will not be overturned except for gross abuse. Dees v. Dees, 390 So.2d 1060 (Ala.Civ.App. 1980)."
McCrary v. McCrary, 448 So.2d 371, 372 (Ala.Civ.App. 1984).
We find no gross abuse of discretion as to the alimony in gross award. Again, we note that the trial court had the discretion to apply the doctrine of false in one, false in all (falsus in uno, falsus in omnibus), Employers Insurance Co.,284 Ala. 505, 226 So.2d 161, and, if the trial court did so, the financial facts of the husband, which we have previously briefly summarized, would not have been considered by the trial court and properly so.
Likewise, we find no abuse of discretion in the child support award. Justice v. Justice, 460 So.2d 1330 (Ala.Civ.App. 1984).
In summary, we find from a review of the entire record that the trial court's alimony in gross and child support awards to the wife did not constitute a plain and palpable abuse of discretion. Justice, 460 So.2d 1330. The total of the two awards amounts to twenty-nine percent of the husband's gross income and is not excessive. We affirm.
The foregoing opinion was prepared by Retired Circuit Judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e) of the Code of Alabama of 1975 and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.