In this divorce case, the trial court granted to the father the custody of the children of the parties, a son thirteen years of age and a daughter who was six years old. The mother timely appealed and raises two issues regarding that custody award.
The father's central issue at the trial was whether the mother was engaged in a illicit affair with one Perine. The mother admitted that she knew Perine and that she had been in his company on a number of occasions, some of which lasted until the early morning hours, but she denied having an affair with him. On some of the times that *Page 1032 
she saw Perine, the children accompanied her. The father's testimony and that of his sister concerned the mother's admissions against her interest and pertained to the existence of suspicious circumstances which could have reasonably led the trial court to conclude, first, that the mother had sworn falsely regarding the extent of her relationship with Perine and, second, that she and Perine had indeed engaged in an illicit affair over a period of several months.
At the close of the evidence, the trial court made the following remark:
 "I'm not going to rule today, but the law says that if a witness does not testify truthfully to a material fact, then the Court has the right and should disregard that testimony. My ruling is going to reflect that."
The mother first contends that the award of the children's custody to the father should be reversed upon her contention that the trial court's decision was founded upon an improper application of the doctrine of falsus in uno, falsus in omnibus
(false in one, false in all).
That doctrine is permissive and not directory. If the trial court believed from the evidence that the wife willfully and corruptly swore falsely as to her relationship with Perine, which was a material fact involved in the custody and other issues, the trial court as the trier of the facts had a discretion to exercise as to whether it should disbelieve and disregard all, or any other portions, of the mother's testimony. Ostrander v. Ostrander, 517 So.2d 3 (Ala.Civ.App. 1987).
However, as the trial court stated, if a witness does not testify truthfully to a material fact, the trial court has the right and "should disregard that testimony." (Emphasis supplied.) That statement simply means that false testimony itself should be disregarded, and we find no fault with it because false testimony should never be knowingly considered in reaching a judicial decision, whether it concerns a material fact or an immaterial fact. However, if it does involve a material fact, the trial court has the discretion to disregard not only the particular false testimony but also the balance of the testimony of the perjurer or so much thereof, if any, that the trial court deems proper under the peculiar circumstances of the particular case. Ostrander, supra.
Here, it cannot be determined from the record as to whether or not the trial court actually applied the false in one, false in all doctrine. For aught that appears, the trial court only disregarded that testimony which it found to be false, as that court stated that it intended to do. There is no error as to this issue.
The mother next contends that the custody award is not supported by the record and that it is palpably wrong. We elect not to detail any of the additional facts since their recital would help no one and would not add to precedent.
The ore tenus rule applies, and we must presume that the trial court's award of custody to the father was correct unless it was so unsupported by the evidence as to be palpably wrong. We have reviewed the entire record. Under various aspects of the evidence, the trial court could have awarded the custody of the children to either parent. The decision of the trial court was not palpably wrong. No abuse of discretion occurred. The holding of the trial court was supported by sufficient legal evidence and reasonable inferences that can be drawn therefrom. Consequently, it is our duty to affirm the holding of the learned trial court, and we hereby do so. Billington v.Billington, 531 So.2d 924 (Ala.Civ.App. 1988); Myers v. Myers,523 So.2d 413 (Ala.Civ.App. 1987).
The foregoing opinion was prepared by Retired Circuit Judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of § 12-18-10 (e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur. *Page 1033