ADAMS, Justice.
This is an appeal from a judgment in a non-jury case in favor of plaintiff Friese Materials Corporation in the amount of $29,512.87. We affirm.
It appears that the parties entered into a contract whereby Richard Eady was to produce gravel and sand exclusively for Friese Materials for an agreed upon sum of money. Friese Materials advanced $30,000 to Eady, which Eady used to purchase a front-end loader and several other things needed to meet his obligation to Friese Materials. Eady contends that although he had plenty of gravel stockpiled, Friese Materials hauled very little of it away. The inaction of Friese Materials, Eady says, forced his failure to perform. Eventually, Friese Materials sued Eady for the $30,000 advanced to him.
Eady contends that the trial court erred in refusing to dismiss the case due to Friese Materials’ failure to comply with the trial judge’s order to compel production of certain “dray tickets.” According to the parties, dray tickets are receipts containing the amounts of gravel and sand that have been hauled from a gravel pit. Eady argues that the trial judge compelled the production of the dray tickets and that only a handful of these tickets were, in fact, produced on the date of trial, which was several days later than the deadline stated in the judge’s order. Friese Materials, on the other hand, contends that although the dray tickets were admittedly produced late, they, in fact, were produced. The ones that were not provided, according to testimony at the trial, had been damaged and/or destroyed in a flood. Friese Materials also points out that Eady at one time had access to his own copies of the dray tickets, and Eady himself had admitted that those tickets were in the possession of his former attorney. Sanctions for failure to comply with a pretrial discovery order are within the discretion of the trial judge and will not be disturbed unless there is an abuse of discretion. See Ex parte Baugh, 530 So.2d 238 (Ala.1988); Tucker v. Tucker, 416 So.2d 1053 (Ala.Civ.App.1982). In this case, we hold that the judge did not err in failing to sanction Friese Materials. The fact that Eady himself, at least at one time, had access to his own copies of the dray tickets, through his former attorney, coupled with the testimony that those tickets not produced by Friese Materials were destroyed and/or damaged in a flood convinces us that there was no abuse of discretion on the part of the trial judge.
Second, Eady argues that the contract was void or unenforceable. This issue was not raised by Eady at the trial level and, therefore, we will not consider it here. See Chatman v. City of Prichard, 431 So.2d *859 532 (Ala.1983); McWhorter v. Clark, 342 So.2d 903 (Ala.1977).
Eady also contends that the parties had rescinded the contract and that Friese Materials had breached its duty of good faith and fair dealing. These arguments, likewise, were not made before the trial court, and a review of them here would be inappropriate. Id.
For the foregoing reasons, the judgment is due to be affirmed.
AFFIRMED.
HORNSBY, C.J., and MADDOX, ALMON and STEAGALL, JJ., concur.