This is a divorce case.
On January 29, 1989 Peggy Joy Brown (wife) filed a complaint for divorce against Michael Jene Brown (husband). The wife also sought custody of the parties' two minor sons.
On August 31, 1989 the husband's counsel filed a formal answer to the divorce complaint, along with a counterclaim seeking custody of the children. After an ore tenus proceeding, the parties were divorced on February 21, 1990. Custody of the children was awarded to the wife, with liberal visitation for the father. The wife was also awarded $1,525 per month child support and $500 per month periodic alimony. The wife was further awarded 60% of the parties' personal property, as well as two automobiles and the marital residence. The husband was ordered to pay the wife alimony in gross of $60,000 and to pay her attorney's fees.
The husband filed a motion for new trial and/or amendment of judgment, which was granted. The trial court entered an order lowering the award of alimony in gross to $50,000 and another amended decree was later entered to provide for mandatory withholding of child support.
On May 4, 1990 the husband filed another motion for new trial or, in the alternative, to alter, amend, or vacate the judgment. The motion was denied and the husband appeals.
The husband challenges the amount of property and alimony awarded to the wife. We therefore begin by recognizing that the issues of property division and alimony, whether periodic or in gross, are within the sound discretion of the trial court and its judgment on these issues will not be reversed on appeal unless it is so unsupported by the evidence as to be palpably wrong. Carnaggio v. Carnaggio, 475 So.2d 861
(Ala.Civ.App. 1985).
The husband's first contention is that the amount of alimony in gross awarded to the wife was excessive.
The record reveals that the husband has a degree in accounting and worked as a corporate accountant throughout the 27-year marriage. The husband's income steadily increased during these years, culminating in average earnings of $163,751 annually from 1986 to 1989. The record shows that this salary provided the family with a very comfortable standard of living. In 1989, just prior to the divorce, the husband stopped working for a corporation in New York and moved the family to Tuscaloosa, Alabama. The husband received a generous severance package over the course of the next several months, including severance pay totalling approximately $10,000 per month.
At trial, the wife presented detailed evidence as to the husband's salary, savings, severance pay, and other liquid assets. This evidence strongly indicated that the husband had cash reserves in excess of $100,000. The husband at first made no effort to rebut this evidence; he eventually remarked, when pressed, that he thought he might have "maybe $70,000." The husband would not account for the money that records show he was paid.
In its divorce decree, the trial court specifically found that the husband's offhand testimony concerning his cash assets was unconvincing. After granting the husband's motion for reconsideration and altering the award of alimony in gross, the trial court again stated that the husband had not produced facts that were sufficient to refute the wife's evidence of his assets. The trial court found that the husband's assets totalled well over $70,000.
In ore tenus proceedings, the trial court is the sole judge of the facts and of the credibility of witnesses, and the trial court should accept only that testimony which it considers to be worthy of belief. *Page 921 Ostrander v. Ostrander, 517 So.2d 3 (Ala.Civ.App. 1987). In determining the weight to be accorded to the testimony of any witness, the trial court may consider the demeanor of the witness and the witness's apparent candor or evasiveness.Ostrander.
Here, the trial court apparently found the wife's evidence believable and the husband's testimony less so. It is not the province of this court to override the trial court's observations. The record clearly shows that the husband's various sources of income could have amounted to well over $70,000, even allowing for generous expenses which the husband never attempted to prove. There being ample evidence to support the trial court's judgment, we find no abuse of discretion in the amount of alimony awarded.
The husband next argues that the trial court awarded the wife more than her share of the marital property.
There are no fixed standards the trial court must observe when effecting a property division; rather, the trial court should consider many different factors, such as the parties' future prospects, age, health, station in life, and the length of the marriage. Lones v. Lones, 542 So.2d 1244
(Ala.Civ.App. 1989).
The record shows that the wife worked in a clerical position for a phone company during the early years of the marriage, until she quit at the request of her husband. While the wife worked with the same company intermittently thereafter, she was primarily a housewife for some years. The wife is now 47 years old and has a high school education. The wife has no typing or computer skills and has been effectively out of the work force for several years.
As stated, the husband is an accountant with an impressive career history. It is undisputed that he is successful in his field. At the hearings on his posttrial motions, the evidence showed that the husband has secured a well-paying job with considerable insurance, while the wife has been able to secure employment which pays her a gross income of $900 monthly and provides scant insurance.
In its order the trial court specifically based its property award on the unequal future prospects of the parties, as well as the contribution made by the wife over the length of the marriage and the station in life she enjoyed during that time. The record yields evidence to support the trial court's findings on these matters. It is true that the wife was awarded a generous share of marital assets. However, a division of property that favors one party over another is not in and of itself an abuse of discretion. Jordan v. Jordan, 547 So.2d 574
(Ala.Civ.App. 1989). An award of property need not be equal, but must be equitable according to circumstances of the case.Jordan. After reviewing the record in this case, we do not find that the trial court's judgment is tainted with such inequity. Accordingly, its judgment is affirmed.
The wife's request for attorney's fees is hereby granted in the amount of $750.
The foregoing opinion was prepared by Retired Appellate Judge ROBERT P. BRADLEY while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.