Following a marriage of approximately two years, Linda F. Woods and Jimmy Woods divorced on the grounds of incompatibility. The trial court, inter alia, divided the parties' personal property, and awarded the wife $18,000 as alimony in gross and $750 in attorney fees. The husband appeals, contending that the trial court erred in allowing the introduction of certain checks which were not produced pursuant to the parties' pre-trial discovery motions, and that the trial court abused its discretion in its awards of alimony in gross and attorney fees.
Where a party fails to provide or permit discovery ordered by a court, the choice of sanctions to be imposed is largely within the discretion of the trial court, and this choice will not be disturbed on appeal absent a gross abuse of that discretion. Tucker v. Tucker, 416 So.2d 1053 (Ala.Civ.App. 1982). In the instant case, each party sought to compel the other to permit inspection and copying of all documents intended to be used at the trial. The husband responded that "the cancelled checks are so voluminous and of such a great number that it would be impracticable, expensive, burdensome and inequitable for the [husband] to produce the same; however, copies of the checks are available at the [husband's] attorney's office at all reasonable times." It is significant to note that the evidence deemed objectionable and prejudicial to the husband was from the parties' joint account, that they were either issued by him or at his request, and that they had been in his possession prior to trial, but were considered too voluminous to copy. Copies of the documents were obtained from the bank and were used by the wife during trial. In this case, we hold that the judge did not err in failing to sanction the wife. The fact that the husband had access to his own copies of the checks convinces us that there was no abuse of discretion on the part of the trial court. See Eady v. Friese MaterialCorp., 567 So.2d 857 (Ala. 1990).
As to the remaining issue, we note that issues of property division and alimony, whether periodic or in gross, are within the sound discretion of the trial court. Its judgment on these issues will not be reversed on appeal unless it is unsupported by the evidence, and is, therefore, palpably wrong. Brown v.Brown, 586 So.2d 919 (Ala.Civ.App. 1991). The record reveals that during the course of the marriage, the wife received a $30,000 insurance settlement for damages to a home she had owned prior to the marriage. Some of those proceeds were used to satisfy joint debts. Nevertheless, immediately prior to the separation, the husband removed large sums of money from the bank and paid various debts that he said were owed to his sisters and other persons. There was no verification of the husband's testimony. There was testimony that the wife signed a blank check for the husband to buy some "cheap paint" to paint her house, and that *Page 314 
the husband cashed that check for $5,000. While the record is not a model of clarity, there was evidence from which the court could have concluded that the husband converted to his own use certain of the proceeds that should have been distributed to the wife either as her separate property or as her portion of the property division. In ore tenus proceedings, the trial court is the sole judge of the facts and of the credibility of witnesses, and the trial court should accept only that testimony it considers to be worthy of belief. Ostrander v.Ostrander, 517 So.2d 3 (Ala.Civ.App. 1987). Further, in determining the weight to be accorded to the testimony of any witness, the trial court may consider the demeanor of the witness and the witness's apparent candor or evasiveness.Ostrander, supra. In the instant case, the trial court apparently found the wife's evidence believable and the husband's testimony less so. It is not the province of this court to override the trial court's observations. Brown, supra.
There being ample evidence to support the trial court's judgment, we find no abuse of discretion in the amount of alimony in gross or attorney fees the court awarded to the wife. Accordingly, the judgment of the trial court is affirmed.
AFFIRMED.
ROBERTSON, P.J., and YATES, J., concur.