BRYAN, Judge.
The law firm of Gordon, Dana, Still, Knight & Gilmore, LLC (“Gordon”), as successor to Gordon <& Associates, LLC, appeals a judgment of the Jefferson Circuit Court affirming the tax assessment of Gordon’s personal property for the years 2003 through 2007 by the Jefferson County *493 Tax Assessor (“the tax assessor”). We affirm.
The circuit court’s judgment recites the procedural history and material facts:
“This case is the taxpayer’s appeal from personal property tax assessments for the years 2003 through 2007. It was heard at bench trial on June 2 and 3, 2008, and the parties have submitted post-trial documents to the court.
“The Birmingham law firm of Gordon, Dana, Still, Knight & Gilmore, LLC (Gordon), filed an appeal from the personal property tax assessment rendered by the Jefferson County Tax Assessor for tax years 2003 through 2007. Gordon filed personal property tax returns for those years without itemizing each article of personal property, but listed it in three categories: furniture, computers, and equipment, assigning a total cost for each category. The total cost assigned to each category was the opinion of Bruce Gordon, the firm’s managing partner.
“Gordon takes issue with the use of the mass appraisal grid system found in the State of Alabama Personal Property Appraisal Manual. In [its] opinion, the true fair market value of the personal property is far less than the value assigned on the grid employed by the Tax Assessor.
“The assessed value calculated by the Tax Assessor for Gordon’s personal property for tax years 2003 through 2006 was $15,945 and the assessed value for tax year 2007 calculated by the Tax Assessor is $13,419. Thus, the total assessed value of Gordon’s personal property for tax years 2003 through 2007 is $29,364. The tax bill due and owing from the taxpayer Gordon in this case is $2,202.30.
“The Tax Assessor conducted two appeal hearings as required by the Alabama Code, but the testimony shows that they accomplished nothing. Gordon produced no documentary evidence at the hearings to support [its] claims, other than information addressing the cost of the property, and the Tax Assessor did not alter the assessed value of Gordon’s personal property after either hearing. If the hearings had any effect, it was to polarize the parties’ positions.
“At the bench trial, Gordon presented testimony from several highly regarded experts who opined that the fair market value of the personal property owned by Gordon was less than the assessed value assigned by the Jefferson County Tax Assessor. Russell Christie, who conducted an on-site audit of Gordon’s office for the Tax Assessor, employed the grid contained in the State of Alabama Personal Property Appraisal Manual in assigning fair market value to each item of Gordon’s personal property. It is that valuation which the Tax Assessor applied to Gordon’s personal property.
“[J. Wray Pearce], a C.P.A. who testified on behalf of the taxpayer, criticized the use of the grid method of mass appraisal for personal property in the State of Alabama, indicating that it does not achieve a valuation based on the true fair market value of the items, as required by the statute.
“Several Alabama cases have addressed issues concerning appeals from assessments. On appeal to Circuit Court, the Tax Assessor’s assessment is deemed to be prima facie correct and the burden is on the taxpayer to produce competent evidence that the assessment is incorrect. Lake Forest Property Owners Assn., Inc. v. Baldwin County Board of Equalization, 659 So.2d 605 (Ala.Civ.App.1994). Similarly, determinations as to the valuation made by the State Department of Revenue are *494 deemed to be prima facie correct and the burden is on the taxpayer to prove that the assessment is incorrect. Turner v. State Department of Revenue, 643 So.2d 568 (Ala.1994), and Rutledge Petroleum Corp. v. F & W Trucking, et al., 545 So.2d 60 (Ala.Civ.App.1988).
“It is the duty of each Tax Assessor of the State of Alabama to assess every taxpayer’s real and business personal property by October 1 of each year. Code of Alabama (1975), § 40-7-1 and § 40-7-2. It is the duty of every taxpayer to submit a list of all real and business personal property owned as of October 1 each year, under oath, to the County Tax Assessor. Code of Alabama (1975), § 40-7-4. The taxpayer is further required to sign an oath certifying that he is making a full and complete return of all property owned as of tax day which is listed on his return. Code of Alabama (1975), § 40-7-8. The County Tax Assessor has full authority to audit, examine and inspect any and all records and property of the taxpayer in order to enforce the provisions of Title 40 of the Code of Alabama, and if the taxpayer fails or refuses to cooperate and provide a detailed listing of its property, he or she can be found guilty of a Class C misdemeanor. Code of Alabama (1975), § 40-7-21. The Alabama Code vests broad discretion in the tax assessor in reaching the assessed value of itemized articles of personal property, ‘except as otherwise provided by law, the Assessor shall, from information entered on the tax return list and from all other information known to him, or which he may procure, proceed to ascertain what, in his judgment, is a fair and reasonable market value of each item of property returned by or listed to any taxpayer.’ Code of Alabama (1975), § 40-7-25. The taxpayer has the right to appeal the final assessment rendered by the Tax Assessor to Circuit Court. Code of Alabama (1975), § 40-7-45.
“Clearly the tax assessor cannot give an individual appraisal of every item of personal property used in every business in Jefferson County which is subject to taxation. Such an effort would likely cost more than the tax collected. Thus, the states have established systems for ascertaining the fair market value of personal property. The system works very well in Alabama and in other states, and this court concludes that the existing method provides a workable and practical way to tax personal property. The method is applied across the board to all taxpayers. The Gordon firm has not been discriminated against.
“Upon consideration of the evidence and the law, the Court finds that the plaintiff did not carry its burden in support of its contention that the fair market value assessed by the Tax Assessor was inaccurate or invalid. The Tax Assessor followed and complied with the statutory procedures governing the assessment of escape taxes. See § 40-7-23(d), ‘the assessing official shall give notice of an escape assessment by certified or registered mail, ... to the agent or attorney of such owner, notifying such person to appear before the assessing official in person, or by agent or attorney, ... if there is an objection to the assessment ... if on the date set for hearing such objection the person against whom the assessment is made fails to appear or if in the opinion of the assessing official the assessment should not be changed and the assessment is proper, then the assessing official shall make the assessment final.’
“The discretion vested in Alabama Tax Assessors was discussed at length in the case styled Howell v. Malone, 388 So.2d 908 (Ala.1980). That case dealt *495 with the classification of real property for assessment purposes, but the broader discussion of the Tax Assessor’s interpretive discretion is equally applicable to the case at bar. The Court held that although neither the Constitution nor the Legislature vested absolute discretion in the Assessor, it did instill in them ‘interpretive discretion.’ 388 So.2d at 915. Specifically, the Supreme court approved the interpretations made by the various Tax Assessors of the State in defining the meaning of ‘single family owner occupied residential property.’ If the Tax Assessors can apply discretion in interpreting the terms used in the various sections of Title 40 relating to real property, it follows that they have the same interpretive discretion with respect to the provisions of Title 40 applicable to business personal property.
“In the instant case, Tax Assessor Dan Weinrib declined to exercise his discretion and followed the State Appraisal Manual in arriving at a fair market value of Gordon’s business personal property. It has not been shown that the exercise of that discretion is arbitrary or capricious, but instead, it is reasonable and well-founded upon appraisal rules and regulations.
“The Tax Assessor testified that in all assessments of personal property it follows the State Appraisal Manual, which contains a grid that applies to the cost data provided by the taxpayer to determine the current fair market value of each item of personal property. Although the appraisal manual is a guide to the determination of fair market value of items of personal property, there must be good reason for the Tax Assessor to depart from the application of the procedures and format for mass appraisals set forth in the manual.
“As the deposition testimony of State Revenue Department Division Head, Will Martin, indicated, there must be some extraordinary reason to depart from the dictates of the manual, including the grid or table therein for fixing fair market value of personal property. The Court finds that there was no substantial reason to depart from the procedures set forth in the manual in this case.
“As stated in the preface to the Appraisal Manual, ‘The purpose of this manual is to establish basic methods and procedures to be used in the Alabama personal property appraisal process, and to insure statewide property appraisal equity by serving as a reference manual to all Alabama assessing and appraising personnel.’ Further, it is stated on page 1 that the purpose of the manual is as follows, ‘This manual is published for the purpose of implementing the procedures, requirements, programs, and policies of the Department of Revenue to appraise, value, and equalize business personal property assessments in Alabama.’ And, tax assessing officials are doing a step by step guide to the valuation process, ‘These procedures should be used by the county taxing official and appraisal staff in order to assure equity and uniformity in valuing the many types of personal property. We have prepared these guidelines in an effort to help simplify the complex problems that are presented by the appraisal of personal property.’ Importantly, Section VII(B)(2), directs the assessor to ‘use the grid valuation section of the worksheet to arrive at the market value of personal property whenever a grid is applicable.’ In fact, there is a section in the Appraisal Manual applicable to the assessment of personal property ordinarily found in the offices of attorneys. (Appraisal Manual at p. 2-3) The economic life of these items is set at ten *496 years according to the Appraisal Manual.
“In summary, it is undisputed that the Tax Assessor applied the grid applicable to attorney offices contained in the Appraisal Manual. Whether this grid method of mass appraisal is always an accurate reflection of fair market value is not for the Court to decide in this appeal. This case is limited to the returns in question and upon which this case was tried. Notwithstanding this limitation, the Court expressly finds that the use of the Appraisal Manual for the plaintiffs personal property in this case was appropriate and that there were not extenuating or unusual circumstances to dictate departure from the use of the appropriate attorney personal grid contained in said Manual.
“It is hereby ORDERED, ADJUDGED, and DECREED that the defendant Tax Assessor’s assessment of plaintiffs business personal property is AFFIRMED.”
Following the circuit court’s entry of its judgment, Gordon timely appealed to this court. We transferred the appeal to the supreme court due to lack of jurisdiction, and the supreme court transferred the appeal back to this court pursuant to § 12-2-7(6), Ala.Code 1975.
Because the circuit court received evidence ore tenus, our review of its judgment is governed by the following principles:
“ ‘ “ ‘[Wjhen a trial court hears ore tenus testimony, its findings on disputed facts are presumed correct and its judgment based on those findings will not be reversed unless the judgment is palpably erroneous or manifestly unjust.’ ” ’ Water Works & Sanitary Sewer Bd. v. Parks, 977 So.2d 440, 443 (Ala.2007) (quoting Fadalla v. Fadalla, 929 So.2d 429, 433 (Ala.2005), quoting in turn Philpot v. State, 843 So.2d 122, 125 (Ala. 2002)). ‘“The presumption of correctness, however, is rebuttable and may be overcome where there is insufficient evidence presented to the trial court to ' sustain its judgment.” ’ Waltman v. Rowell, 913 So.2d 1083, 1086 (Ala.2005) (quoting Dennis v. Dobbs, 474 So.2d 77, 79 (Ala.1985)). ‘Additionally, the ore tenus rule does not extend to cloak with a presumption of correctness a trial judge’s conclusions of law or the incorrect application of law to the facts.’ Wattman v. Rowell, 913 So.2d at 1086.”
Retail Developers of Alabama, LLC v. East Gadsden Golf Club, Inc., 985 So.2d 924, 929 (Ala.2007).
Gordon argues that the trial court erred in affirming the tax assessor’s assessment because, Gordon says, (1) §§ 40-7-25 and 40-7-62, Ala.Code 1975, require the tax assessor to assess each item of personal property at its “fair market value” and (2) the Alabama courts have defined “fair market value” as “the sum arrived at by fair negotiation between an owner willing to sell and a purchaser willing to buy, neither being under pressure to do so.” However, § 40-7-25, as it was worded before September 1, 2007, actually stated that a tax assessor “shall, from information entered on the tax return list and from all other information known to him, or which he may procure, proceed to ascertain what, in his best judgment, is a fair and reasonable market value of each item of property returned by or listed to any taxpayer ....” (Emphasis added.)[1] *497 Our supreme court has held that when construing the language of a statute, this court must presume “ ‘that every word, sentence, or provision was intended for some useful purpose, has some force and effect, and that some effect is to be given to each, and also that no superfluous words or provisions were used.’ ” Ex parte Uniroyal Tire Co., 779 So.2d 227, 236 (Ala. 2000) (quoting Sheffield v. State, 708 So.2d 899, 909 (Ala.Crim.App.1997)). The definition of fair market value indicates that the actual fair market value of an item of property can only be ascertained if the owner willingly offers it for sale and reaches an agreement on a price with a willing buyer. However, the legislature’s inclusion of the words “in his best judgment” and “reasonable” in § 40-7-25 indicates that the legislature intended to require that tax assessors estimate a reasonable fair market value — the legislature did not intend to require tax assessors to determine the actual fair market value. Therefore, there is no merit to Gordon’s argument that the circuit court erred on the ground that the relevant statutes required the tax assessor to determine the actual fair market value of Gordon’s property.
Gordon also argues that the circuit court erred in affirming the tax assessor’s assessment because, Gordon says, it introduced (1) the testimony of expert witnesses who gave their opinions regarding the fair market value of Gordon’s property that conflicted with the values assigned to that property by the tax assessor and (2) the testimony of expert witnesses who testified that the grid system used by the tax assessor did not bear a rational relationship to fair market value. However, the wording of § 40-7-25 indicates that the legislature intended to accord tax assessors discretion in the methodology and information they use in estimating reasonable fair market value for taxpayers’ property. In the case now before us, the circuit court, despite the testimony of Gordon’s expert witnesses, found that the tax assessor’s use of the grid system was appropriate. As this court has stated:
“In ore tenus proceedings, the trial court is the sole judge of the facts and of the credibility of witnesses, and the trial court should accept only that testimony it considers to be worthy of belief. Ostrander v. Ostrander, 517 So.2d 3 (Ala.Civ.App.1987). Further, in determining the weight to be accorded to the testimony of any witness, the trial court may consider the demeanor of the witness and the witness’s apparent candor or evasiveness. Ostrander, supra .... It is not the province of this court to override the trial court’s observations. Brown [ v. Brown, 586 So.2d 919 (Ala.Civ.App.1991) ].”
Woods v. Woods, 653 So.2d 312, 314 (Ala.Civ.App.1994). Given the applicability of the ore tenus rule, we cannot hold that the circuit court erred in finding that the tax assessor’s use of the grid system was appropriate despite the testimony of Gordon’s expert witnesses.
The dissenting opinion states that “[n]o-where in its final judgment does the trial court state that the composite-factor method satisfactorily approximates fair market value.” 44 So.3d at 502 (Moore, J., dissenting) We disagree. The circuit court implicitly held that the composite-factor method satisfactorily approximated fair market value when it stated that “the Court expressly finds that the use of the Appraisal Manual for the plaintiffs personal property in this case was appropriate and that there were not extenuating or unusual circumstances to dictate departure *498 from the use of the appropriate attorney personal grid contained in said Manual.”
Accordingly, for the reasons discussed above, we affirm the judgment of the circuit court.
AFFIRMED.
THOMPSON, P.J., and PITTMAN, J., concur.
MOORE, J., dissents, with writing, in which THOMAS, J., joins.

. Section 40-7-25 was amended effective September 1, 2007. The amendments were technical and did not effect a substantive change to the language of the statute quoted above. In its judgment, the circuit court *497 quoted that statute as it existed before it was amended.