BRYAN, Judge.
Lighting and Lamp Corporation (“Lighting and Lamp”), the plaintiff below, appeals from a judgment in favor of Athens Lofts, L.L.C. (“Athens Lofts”), one of the defendants below. We affirm.
Between August 2006 and June 2007, Lighting and Lamp, a supplier of electrical fixtures and supplies, sold Jones-Williams Construction Co., Inc. (“Jones-Williams”), a construction company that had contracted with Athens Lofts to perform work on a building owned by Athens Lofts in Birmingham (“the Athens Flatts project”), electrical fixtures and supplies on credit. Jones-Williams charged those electrical fixtures and supplies to a specific account that Lighting and Lamp had set up for Jones-Williams for the Athens Flatts project. In June 2007, Jones-Williams abandoned the Athens Flatts project before completing its work.
On June 18, 2007, Adam Cohen, a member of Athens Lofts, met with Tim Pearson, Lighting and Lamp’s credit manager, and Ronnie Vetrano, the Lighting and Lamp salesman assigned to the Athens Flatts project. Jim O’Brien, a business associate of Cohen’s who did not own an interest in Athens Lofts, attended the meeting with Cohen. At the June 18 meeting, Pearson informed Cohen that Jones-Williams owed Lighting and Lamp approximately $119,000 for electrical fixtures and supplies that Jones-Williams had purchased on credit from Lighting and Lamp to use on the Athens Flatts project. At trial, Pearson and Vetrano testified that Cohen orally promised at the June 18 meeting that Athens Lofts would pay that amount in full in consideration for Lighting and Lamp’s selling Athens Lofts the additional electrical fixtures and supplies needed to complete the Athens Flatts project. Cohen, on the other hand, testified at trial that he did not make such a prom *1120 ise; he testified that he orally promised that Athens Lofts would pay only for certain electrical fixtures that Lighting and Lamp was holding in its warehouse, which Athens Lofts needed in order to complete the Athens Flatts project, and for any electrical fixtures and supplies purchased after June 18, 2007, for use in completing the Athens Flatts project. O’Brien testified at trial that he recalled only a discussion about a payment by Athens Lofts to obtain the release of the fixtures Lamp and Lighting was holding in its warehouse; he testified that he did not recall a promise by Cohen to pay in full the approximately $119,000 that Jones-Williams owed.
Between June 18, 2007, and September 24, 2007, Lighting and Lamp allowed the electrician who was completing the electrical work on the Athens Flatts project to charge $33,513.18 worth of electrical fixtures and supplies to the account Lighting and Lamp had set up for Jones-Williams for the Athens Flatts project. During that period, Athens Lofts paid Lighting and Lamp $40,000. On September 24, 2007, Lighting and Lamp began requiring cash payment for all materials it provided for the Athens Flatts project, and Athens Lofts paid cash for all purchases from Lighting and Lamp after that date.
When Jones-Williams abandoned the Athens Flatts project, it had been paid all but $976,414 of the price stipulated for its work in the contract between it and Athens Lofts. Athens Lofts paid subcontractors, suppliers, and laborers over $1,400,000 to complete the work that Jones-Williams contracted to perform.
On November 21, 2007, Lighting and Lamp served Athens Lofts with a notice that it was claiming a materialman’s lien, and, on November 27, 2007, it recorded a verified statement of its lien in the office of the Judge of Probate of Jefferson County.
On December 10, Lighting and Lamp sued Athens Lofts; Jones-Williams; James Williams, a principal in Jones-Williams who had personally guaranteed the payment of the debt Jones-Williams owed Lighting and Lamp; and several other parties. James Williams filed Chapter 7 bankruptcy, and the claims against him were discharged by the judgment entered in his bankruptcy action. The trial court entered a summary judgment in favor of Lighting and Lamp on its claims against Jones-Williams and dismissed the claims against all the other defendants except Athens Lofts.
The trial court held a bench trial regarding the claims against Athens Lofts at which it received evidence ore tenus. Following the trial, the trial court entered a judgment in favor of Athens Lofts. Lighting and Lamp timely appealed to the supreme court, which transferred the appeal to this court pursuant to § 12-2-7(6), Ala. Code 1975.
Because the trial court received ore ten-us evidence, our review is governed by the following principles:
“ ‘ “ ‘[W]hen a trial court hears ore tenus testimony, its findings on disputed facts are presumed correct and its judgment based on those findings will not be reversed unless the judgment is palpably erroneous or manifestly unjust.’ ” ’ Water Works & Sanitary Sewer Bd. v. Parks, 977 So.2d 440, 443 (Ala.2007) (quoting Fadalla v. Fadalla, 929 So.2d 429, 433 (Ala.2005), quoting in turn Philpot v. State, 843 So.2d 122, 125 (Ala.2002)). ‘“The presumption of correctness, however, is rebuttable and may be overcome where there is insufficient evidence presented to the trial court to sustain its judgment.” ’ Wattman v. Rowell, 913 So.2d 1083, 1086 (Ala.2005) (quoting Dennis v. Dobbs, 474 So.2d 77, 79 (Ala.1985)). ‘Additionally, the ore tenus rule does not extend to cloak with a presumption of correctness a trial judge’s conclusions of law or the incor *1121 rect application of law to the facts.’ Waltman v. Rowell, 913 So.2d at 1086.”
Retail Developers of Alabama, LLC v. East Gadsden Golf Club, Inc., 985 So.2d 924, 929 (Ala.2007).
On appeal, Lighting and Lamp has presented argument regarding only three of its claims: (1) a claim that Cohen’s alleged oral promise that Athens Lofts would pay in full the approximately $119,000 Jones-Williams owed Lighting and Lamp made Lighting and Lamp a direct contractor of Athens Lofts and, therefore, Lighting and Lamp is entitled to a full-price lien in the amount owed by Jones-Williams (“the full-price-lien claim”); (2) a claim that Cohen’s alleged oral promise that Athens Lofts would pay in full the approximately $119,000 Jones-Williams owed Lighting and Lamp formed a contract between Athens Lofts and Lighting and Lamp, which Athens Lofts breached by failing to pay Lighting and Lamp that amount in full (“the breach-of-contract claim”); and (3) a claim that Cohen’s alleged oral promise that Athens Lofts would pay in full the approximately $119,000 Jones-Williams owed Lighting and Lamp created an open account pursuant to which Athens Lofts was obligated to pay that amount to Lighting and Lamp (“the open-account claim”). The factual basis of each of those claims is Cohen’s alleged oral promise that Athens Lofts would pay in full the approximately $119,000 Jones-Williams owed Lighting and Lamp; however, the trial court’s judgment included an express finding of fact that Cohen did not make such a promise. Consequently, Lighting and Lamp cannot prevail on any of those claims unless the trial court erred in making that factual finding.
As noted above, the evidence regarding whether Cohen orally promised that Athens Lofts would pay in full the approximately $119,000 Jones-Williams owed Lighting and Lamp was in conflict. Pearson and Vetrano both testified that Cohen made such a promise. In addition, Lighting and Lamp introduced written notes made by Pearson on several occasions on or after June 18, 2007, that tended to prove that Cohen had made such a promise. However, Cohen testified that he did not make such a promise, and O’Brien, a witness who did not have a financial interest in the outcome of the action, testified that he did not recall Cohen’s making such a promise. Moreover, the trial court had before it evidence indicating that Lighting and Lamp never requested that Cohen or any other agent of Athens Lofts sign a written agreement obligating Athens Lofts or Cohen to pay in full the approximately $119,000 Jones-Williams owed Lighting and Lamp. The trial court could have found that the absence of such a request was circumstantial evidence tending to prove that Cohen did not orally promise that Athens Lofts would pay in full the $119,000 Jones-Williams owed Lighting and Lamp.
“ ‘ “When a judge in a nonjury case hears oral testimony, a judgment based on findings of fact based on that testimony will be presumed correct and will not be disturbed on appeal except for a plain and palpable error.” ’ Smith v. Muchia, 854 So.2d 85, 92 (Ala.2003) (quoting Allstate Ins. Co. v. Skelton, 675 So.2d 377, 379 (Ala.1996)).
“ ‘ “The ore tenus rule is grounded upon the principle that when the trial court hears oral testimony it has an opportunity to evaluate the demeanor and credibility of witnesses.” Hall v. Mazzone, 486 So.2d 408, 410 (Ala.1986). The rule applies to “disputed issues of fact, ” whether the dispute is based entirely upon oral testimony or upon a combination of oral testimony and documentary evidence. Born v. Clark, 662 So.2d 669, 672 (Ala.1995). The ore tenus standard of review provides:
*1122 “ ‘ “[W]here the evidence has been [presented] ore tenus, a presumption of correctness attends the trial court’s conclusion on issues of fact, and this Court will not disturb the trial court’s conclusion unless it is clearly erroneous and against the great weight of the evidence, but will affirm the judgment if, under any reasonable aspect, it is supported by credible evidence.” ’
“Reed v. Board of Trs. for Alabama State Univ., 778 So.2d 791, 795 (Ala.2000) (quoting Raidt v. Crane, 342 So.2d 358, 360 (Ala.1977)).”
Yeager v. Lucy, 998 So.2d 460, 462-63 (Ala.2008) (emphasis added). Moreover,
“[i]n ore tenus proceedings, the trial court is the sole judge of the facts and of the credibility of witnesses, and the trial court should accept only that testimony it considers to be worthy of belief. Ostrander v. Ostrander, 517 So.2d 3 (Ala.Civ.App.1987). Further, in determining the weight to be accorded to the testimony of any witness, the trial court may consider the demeanor of the witness and the witness’s apparent candor or evasiveness. Ostrander, supra.... It is not the province of this court to override the trial court’s observations. Brown [ v. Brown, 586 So.2d 919 (Ala.Civ.App.1991) ].”
Woods v. Woods, 653 So.2d 312, 314 (Ala.Civ.App.1994).
The trial court had the opportunity to observe the demeanor of the witnesses and their apparent candor or evasiveness. See Woods v. Woods. As the sole judge of the facts and of the credibility of the witnesses, the trial court could have accepted the testimony of Cohen that he did not orally promise that Athens Lofts would pay in full the approximately $119,000 Jones-Williams owed Lighting and Lamp and rejected the testimony of Pearson and Vetrano that he did make such a promise. Id. Moreover, the trial court could have found that the fact that O’Brien, a witness who did not have a financial interest in the outcome of the action, did not recall such a promise tended to corroborate Cohen’s testimony that he did not make such a promise. Furthermore, the trial court could have found that the absence of a request by Lighting and Lamp that Cohen or another representative of Athens Lofts sign a written agreement obligating Athens Lofts to pay in full the $119,000 that Jones-Williams owed Lighting and Lamp was circumstantial evidence tending to prove that Cohen did not make such a promise. Thus, the trial court’s finding that Cohen did not make such a promise was supported by credible evidence and was not contrary to the great weight of the evidence. Accordingly, we must accept that finding. See Yeager v. Lucy. That finding negates the factual basis of Lighting and Lamp’s full-price-lien claim, breach-of-contract claim, and open-account claim. Consequently, we affirm the trial court’s judgment in favor of Athens Lofts with respect to those claims.
Lighting and Lamp has not presented argument regarding any of its other claims; therefore, we must affirm the trial court’s judgment with respect to those claims as well. See Tucker v. Cullman-Jefferson Counties Gas Dist., 864 So.2d 317, 319 (Ala.2003) (‘“When an appellant fails to properly argue an issue, that issue is waived and will not be considered. Boshell v. Keith, 418 So.2d 89 (Ala.1982).’ Asam v. Devereaux, 686 So.2d 1222, 1224 (Ala.Civ.App.1996).”).
AFFIRMED.
THOMPSON, P.J., and PITTMAN, THOMAS, and MOORE, JJ., concur.