DONALDSON, Judge,
dissenting.
The action commenced by Larry Magri-nat against Myra Maddox seeking damages as a result of an automobile accident was tried without a jury before the trial court. Magrinat sought, among other things, to recover medical expenses incurred as a proximate result of the negligence or wantonness of Maddox, including the fees of Dr. David Buggay, an orthopedic surgeon who performed surgery on Magrinat. Dr. Buggay testified that he tendered a bill in the amount of $9,281 for his services to Magrinat and that the amount was reasonable. Dr. Buggay also testified, however, that, before he performed the surgery on Magrinat, he sold the right to collect his fees for services rendered to Magrinat to OrthoUSA, a third party, for $3,200. The evidence shows that OrthoUSA purchased Dr. Bug-gay’s rights to pursue collection of any charges as a business investment.
The trial court entered a judgment finding that Maddox had been negligent and awarding $42,000 in compensatory damages to Magrinat. The trial court specifically awarded $3,200 to Magrinat for the services rendered by Dr. Buggay.
I agree with construing the motion filed by Magrinat after the entry of the judgment as one made pursuant to Rule 59, Ala. R. Civ. P., and that his notice of appeal was held in abeyance until the trial court’s ruling on the motion.
Despite the broader characterizations advanced by the parties, the narrow question before us is whether the trial court’s award of $3,200 for the services rendered by Dr. Buggay is to be affirmed or reversed. “[T]he general rule regarding the recovery of medical expenses, including hospital expenses resulting from personal injuries, is that a plaintiff may recover those medical expenses that are reasonable and necessary.” Ex parte Hicks, 537 So.2d 486, 489-90 (Ala.1988). “In a nonju-ry trial, the trial court is the trier of facts.” Ostrander v. Ostrander, 517 So.2d 3, 4 (Ala.Civ.App.1987). “Proof of an amount expended for medical treatment must include the element of reasonableness of the charge for the service and the necessity of the treatment. Each element is one of fact for the [fact-finder].” Sweet v. Foust, 419 So.2d 260, 261 (Ala.Civ.App. 1982). “The [fact-finder] is not bound to award medical expenses merely because they are incurred. It may question the reasonableness and necessity of expenses and determine whether the claimed medical expenses are proximately caused by the negligence of the defendant.” Vinzant v. Hughes, 579 So.2d 681, 683 (Ala.Civ.App.1991). “[T]he discretion given to [the fact-finder] in the assessment of damages is not unbridled, but must be honest, legal, and sound.” Id.
The tortfeasor is not liable for whatever amount an injured party was charged or agreed to pay for expenses incurred as a result of the tortfeasor’s culpable conduct *1088 but is responsible for a reasonable amount. To determine the reasonable amount of expenses, evidence was properly admitted regarding the charges billed by Dr. Bug-gay and the amount he accepted from Or-thoUSA before performing the surgery. Documentation indicating that OrthoUSA could attempt to collect the balance of the debt from Magrinat was also properly admitted. The trial court, as the fact-finder, certainly could have determined that the charged amount of $9,281 was reasonable based on that evidence, but instead, the trial court determined that $3,200 was the reasonable amount. That determination does not appear to be arbitrary and has a rational basis from the evidence; therefore, it is exclusively one for the trial court, as the fact-finder, to make. Accordingly, based on the applicable appellate standard of review, I believe the judgment should be affirmed. Therefore, I respectfully dissent.